WILLIAM F. CARROLL *vs.* MANUEL COHEN and ISAAC B. FINKEL-STEIN, now or late trading as COHEN AND FINKELSTEIN.

1.  COVENANT, ACTION OF—SCOPE OF REMEDY—ACTIONS ON SEALED CON-TRACTS.

The action of covenant is a proper form of action for the recovery of damages for the breach of a contract under seal.

2.  CONTRACTS—CONSTRUCTION—QUESTIONS OF LAW.

The meaning of a contract is a question of law.

3. MASTER AND SERVANT—ACTIONS FOR BREACH OF CONTRACT—QUESTIONS FOR JURY.

In an action for breach of a contract of employment, whether plaintiff had been guilty of conduct amounting to a breach of the stipulations of the contract, implied or expressed, justifying dismissal, was a question of fact for the jury.

4. MASTER AND SERVANT—CONTRACTS OF EMPLOYMENT—CONSTRUCTION—TERM OF EMPLOYMENT.

Where, under a contract of employment for one year from April 14, 1913, at thirty dollars a week for the first six months, and thirty-five dollars a week for the second six months, the first week of services was waived by agreement of both parties, the waiver did not prevent the contract from going into effect on April 14, 1913, and the first six months of employment ended on October 13, 1913, and the second six months on April 13, 1914.

5. MASTER AND SERVANT—DISMISSAL—JUSTIFICATION.

Whether the dismissal of a person, employed as manager of a department store, was justified by anything done or omitted by him as manager, may be determined with respect to conditions shown to exist in the store for which he was not responsible.

6. MASTER AND SERVANT—PERFORMANCE OF SERVICES—DEGREE OF SKILL REQUIRED.

In a contract of employment, and especially in a contract by which the employee stipulated to do all things for the best interests of the employer usually done by persons occupying the position of manager of a department store, a stipulation is implied that the employee is reasonably competent to perform the work undertaken; and it was not sufficient for the employee to do the best he could in the service he performed, if he did not do what was reasonably required of a man occupying the position undertaken by him.

7. MASTER AND SERVANT—PERFORMANCE OF SERVICES—DEGREE OF SKILL REQUIRED.

A person employed as manager of a department store, and who by his contract agreed to serve the firm diligently and according to his best abilities, and generally do all things for the best interest of the firm usually done by persons occupying such position, was only required to substantially comply with the provisions of the contract; and if he was a fairly efficient manager, gave his whole time and all of his ability to the business, and in good faith performed his duties to the best of his ability, and did not misconduct himself or otherwise violate the provisions of the contract, there was a substantial compliance, notwithstanding occasional mistakes which might have been made by any competent manager.

8. MASTER AND SERVANT—PERFORMANCE OF SERVICES—DEGREE OF SKILL REQUIRED.

A person employed as manager of a department store, who by his contract agreed to serve his employer diligently and according to his best abilities, and generally to do all things for the best interests of the employer usually done by persons occupying such position, neither insured nor guaranteed the results of his work as manager.

9. MASTER AND SERVANT—DISMISSAL—JUSTIFICATION.

If a person employed as manager of a department store failed to do the things usually done by one engaged to do the work which he agreed to do, or if he was not competent to do the work, or, being competent, did not exercise his ability and properly supervise the buying and selling of the merchandise of the store, his dismissal before the expiration of his term of employment was justified, and he could not recover damages.

10. MASTER AND SERVANT—ACTIONS FOR WRONGFUL DISCHARGE—BURDEN OF PROOF.

A person, suing for breach of a contract of employment, must show by the preponderance of the evidence a substantial compliance with the contract; and it then devolves upon the defendants to show a default justifying the discharge.

11. TRIAL—PROVINCE OF JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the jury should reconcile it, if possible; but, if they cannot, they should accept as true that evidence which they deem worthy of credit, and reject that deemed unworthy, having due regard to the opportunity and capacity of the witnesses to know that of which they speak, and their apparent fairness or bias.

12. MASTER AND SERVANT—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.

An employee, wrongfully discharged before the expiration of his term of employment, is entitled to recover the agreed wages for the unexpired portion of the term of employment, less the amount which he has earned, or by reasonable effort might have earned, in other employment during such unexpired term.

(*May* 21, 1914.)

Judges WOOLLEY and RICE sitting.

*Charles F. Curley* for plaintiff.

*Daniel O. Hastings* for defendant.

Superior Court, New Castle County, May Term, 1914.

Action by William F. Carroll against Manuel Cohen and another, now or late trading as Cohen and Finkelstein.

ACTION OF COVENANT (No. 126, September Term, 1913), to recover balance alleged to be due on a written contract entered into between the plaintiff and the defendants, whereby plaintiff was to perform the duties of manager of the store of the defendants for a period of one year from the fourteenth day of April, 1913, to the fourteenth day of April, 1914, at a salary payable monthly as stipulated in the contract. Verdict for plaintiff.

The facts and contentions of the parties appear in the charge of the court.

Rice, J., charging the jury:

[1]   Gentlemen of the jury:—The action is one of covenant and the form of the action is a proper one to bring for the recovery of damages for the breach of a contract under seal.

It is claimed by the plaintiff and admitted by the defendants that the following contract under seal was entered into by the parties to the present action.

"Articles of agreement, made this twelfth day of April, A. D. 1913, between Manuel Cohen and Isaac B. Finkelstein, both of the City of Wilmington and State of Delaware, merchants and co-partners under the firm name and style of Cohen and Finkelstein, of the one part, and William F. Carroll, of the City of Philadelphia and State of Pennsylvania, of the other part.   The said parties mutually agree as follows:

"1.   The said William F. Carroll shall enter into the service of the said Cohen and Finkelstein as the manager of the retail department of the business of Cohen and Finkelstein as merchants at their place of business, Nos. 228 and 230 Market Street, City of Wilmington, Delaware, for the period of one year from the fourteenth day of April, 1913, subject to the general control of said Cohen and Finkelstein.

"2.   The said William F. Carroll shall devote the whole of his time, attention and energies to the performance of his duties as such manager of said retail department, and shall not, either directly or indirectly, alone or in partnership, be connected with or concerned in any other business or pursuit whatsoever during the said term of one year.

"3.   The said William F. Carroll shall, subject to the control of the said firm of Cohen and Finkelstein, take entire charge of the retail department of the business of said Cohen and Finkelstein herein mentioned, he shall exercise supervision over the whole of the said retail department of said business, shall employ such help as may be necessary and desirable, shall serve said firm diligently and according to his best abilities in all respects, and shall generally do all things for the best interest of said firm that are usually done by persons occupying such position as manager.

"4.   The salary of the said William F. Carroll shall be the sum of thirty dollars ($30) per week for the first six months, payable by the said firm weekly from the commencement of the said service, and thirty-five dollars ($35) per week for the second six months, payable weekly in like manner from the commencement of such second six months:   Provided however, that if the services of the said William F. Carroll shall be found to be entirely satisfactory to the said firm of Cohen and Finkelstein, the said William F. Carroll shall be paid for his services at the rate of forty dollars ($40) per week for the second six months of the term of one year, herein mentioned.

"5.   If the said William F. Carroll shall be neglectful of the interest of the said firm of Cohen and Finkelstein or shall manage the business under his supervision badly or in an improper way, or shall misconduct himself, the said Cohen and Finkelstein may at their option terminate this agreement, and such service as manager upon two weeks' notice to the said William F. Carroll; and, further provided, that the said William F. Carroll may terminate his service upon two weeks' notice to the said Cohen and Finkelstein."

This contract was duly executed by the parties under their seal respectively.

There is no contention that the contract was induced by fraud of either party.

The plaintiff claims pursuant to the terms of the contract he entered the employ of the defendant firm on April 21, 1913, as manager of the retail department of their business, and on the eighteenth day of August the same year he was dismissed by the firm, and thereafter prevented from performing his contractual duties. These facts are admitted by the defendants.

The further claim is made by the plaintiff that he faithfully, fully and in a competent manner performed all his covenants contained in the contract of employment, and that his dismissal was without justification or legal reason on the part of the defendants, and by the defendants' action he suffered damages in an amount equal to his wages for the unexpired term of the contract, less such amounts as he was reasonably able to earn, during that time. In support of his claim for damages the plaintiff testified that he earned fifteen dollars a week from September seventeenth to October twenty-sixth and from November tenth to the present time he earned sixty-two dollars a month.

The defendants dispute these claims of the plaintiff, and contend that William F. Carroll, the plaintiff, did not perform his duties as manager in a competent manner, and he failed to efficiently do those things usually done by persons occupying such position as manager, and generally his conduct of the business was of such a nature that it amounted to a breach, on his part, of the provisions of the contract, also that he misconducted himself, and therefore they were justified in dismissing the plaintiff from their employ and thereafter discontinuing his services.

The defendants also contend that under the terms of the contract they were the exclusive and final judges of the efficiency of the plaintiff and the satisfactory nature of the work performed by him in their services, and whether they should continue him in their employ was optional with the defendants.

[2] The meaning of a contract is a question of law, and it is

necessary for us to construe the terms of the contract to an extent necessary for the jury to understand it.

[3]   The agreement entered into by the plaintiff and defendants was a legal contract.   Under its terms the plaintiff covenanted to perform certain services for the defendants and it was incumbent on him to do his work in the manner stipulated. For the defendants to justify the dismissal the plaintiff must have been guilty of such conduct as would amount to a breach of his stipulations either implied or expressed, and whether their action was justified under the terms of this contract, is a question of fact for the jury to determine.

[4]   The contract called for the plaintiff to assume his duties on April 14, 1913, but by agreement of both parties the first week of services were waived, but this waiver did not prevent the contract from going into effect on April fourteenth.

The contract was for a period of one year from the fourteenth day of April, 1913, and for the first six months the plaintiff was to receive a certain weekly wage and for the second six months the amount of his wages was to be increased.   In this connection we will say to you that the first six months of employment ended on the thirteenth day of October, the same year, and the second six months ended on the thirteenth day of April, the year following.

[5]   The question for the determination of the jury is whether or not the defendants' discharge of the plaintiff from their employ, prior to the expiration of the time of employment named in the contract, was justified by the omission on the plaintiff's part of anything he should have done, or by the commission by him of anything he should not have done, as manager under the contract, of the defendants' retail business.   The plaintiff's conduct in this regard is to be determined with respect to conditions shown by the evidence to have existed in the defendants' store, for which he was not responsible.

[6]   There is an implied stipulation in contracts, like the one now under consideration, that the servant is reasonably competent to perform the work undertaken by him, and in this agreement it is expressly provided that the plaintiff "shall generally

do all things for the best interests of said firm that are usually done by persons occupying such position as manager." It is not therefore sufficient for the plaintiff to merely show that he did the best he could in the service he performed. He must show that he did what was reasonably required of a man occupying the position undertaken by him.

[7, 8]  Plaintiff must show a substantial compliance with all the provisions of his contract, and an occasional mistake which might have been made by any competent manager of such a business is not inconsistent with a substantial compliance; and if you believe from the evidence that the plaintiff was a fairly efficient manager, within the contemplation of the contract, and he gave his whole time and all of his ability to the conduct of the defendants' retail business as the manager thereof, and in good faith performed his duties to the best of his ability in behalf of the defendants' interests, and during the said term of employment did not misconduct himself and did not otherwise violate the provisions of his contract, your verdict should be in favor of the plaintiff.

On the other hand, mistakes made by plaintiff in the performance of his duties, of a nature that would substantially affect the business of the defendant, is evidence to justify the dismissal of the plaintiff by the defendants. However, the plaintiff neither insured nor guaranteed the results of his work as manager of the business.

[9]  If you should find from the evidence that the plaintiff was incompetent or was negligent, or managed the business of the defendants badly or in an improper way, or if he misconducted himself while in their employ, or if the plaintiff failed to do the things usually done by one engaged to do the work he agreed to do, or if you believe from the evidence that the plaintiff was not competent to do the work he contracted to do, or being competent he did not exercise his ability and properly supervise the buying and selling of the merchandise of the store, your verdict should be for the defendants.

[10]  The contract in the present case is admitted by both parties to it, and for the plaintiff to recover he must show, by the

preponderance of the evidence, a substantial compliance with its terms. It then devolves upon the defendants to show that by the default of the plaintiff they were legally justified under the terms of the contract, in discharging the plaintiff from their services.

[11] Where the evidence is conflicting, as it is in this case, you should reconcile it if you can; but if you cannot do so, you should accept as true that part of it which you deem worthy of credit, and reject that part you deem unworthy, having due regard to the opportunity and capacity of the witnesses to know of that of which they speak, and their apparent fairness or bias.

[12] If you find for the plaintiff your verdict should be for the amount of his wages, as contracted for, for the unexpired portion of the term of employment, less the amount he has earned or might, by reasonable effort, have earned in other employment during such unexpired term.

If you find for the defendants, your verdict should be simply for the defendants.

Verdict for plaintiff.