**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

| | |
|---|---|
| DELMARVA BUSINESS ) <br> OPTIMIZATION CONSULTANTS, INC.,) <br> D/B/A SCHOOLEY MITCHELL OF ) <br> DELMARVA ) <br> ) <br>     Appellant/Plaintiff Below, ) <br>    v. ) <br> ) <br> FELTON AUTOMOTIVE GROUP, LLC ) <br> D/B/A HOLLY KIA OF SELBYVILLE ) <br> AND FELTON ) <br> ) <br>     Appellee/Defendant Below,) | C.A. No. CPU6-21-000717 |

Robert S. Bria, Esq.
The Shachtman Law Firm
1475 South Governors Ave.
Dover, DE 19904
*Attorney for Appellant/ Plaintiff Below*

Tasha M. Stevens-Gueh, Esq.
Andrew & Stevens-Gueh, LLC
115 South Bedford Street
Georgetown, DE 19947
*Attorney for Appellee/Defendant Below*

## DECISION AFTER TRIAL

On April 3 2023, the Court held a trial *de novo* in this matter on appeal from a judgment in the Justice of the Peace Court. The Court reserved decision and requested supplemental briefings. For the reasons stated below, the Court finds in favor of the Defendant/Appellee Felton Automotive Group, LLC.

## FACTUAL BACKROUND

The Court finds the following from the evidence presented at trial:

Plaintiff/Appellant Delmarva Business Optimization Consultants, Inc., D/B/A Schooley Mitchell of Delmarva ("Plaintiff") is an Ocean View, Delaware S Corporation. Defendant/Appellee Felton Automotive Group, LLC D/B/A Holly Kia of Selbyville and Felton ("Defendant") is a Delaware car dealership with locations in Felton and Selbyville.

1

Plaintiff is a franchisee of Schooley Mitchell, a Canadian company. Schooley Mitchell and its franchisees specialize in business cost reductions. Plaintiff is owned and managed by husband and wife Brian T. O'Sullivan and Linda K. O'Sullivan.

Sometime in 2019, Mr. O'Sullivan met with Defendant's owner James M. Ehrler, Controller Lucinda D. Landis and then Manager Ashley Mullhausen. Thereafter on June 25, 2019, the parties executed a Service Agreement ("Agreement"). The contract provided that Plaintiff would review and reduce costs and monitor expenses in the categories of Courier and Small Package Shipping, Merchant Services, Telecommunications and Waste Management for a period of four (4) years for Defendant, of which terms are memorialized in the parties Agreement.[1] Payment, if any, under the contract was based upon a percentage of the savings Defendant experienced by making the changes recommended by Plaintiff, although the Agreement did not require Defendant to act on any of the recommendations.

Plaintiff spent around 12.5 weeks performing analysis and negotiating with multiple vendors on behalf of Defendant. Plaintiff identified approximately $1,500.00 in annual savings in telecommunications for Defendant. Plaintiff's owner testified he found monthly waste disposal cost savings of at least $325 if Defendant changed vendors from WM/ Waste Management to Blue Hen Disposal. However, no documentary evidence of this report was presented at trial. In addition, Plaintiff's owner testified that, at the time of his recommendation, Defendant would suffer a financial penalty if it didn't terminate its existing contract within a narrow termination window by December 1 before the automatic renewal on March 1.

Defendants did not opt to terminate the WM contract before December 1, 2019. In October 2020, Plaintiff was advised by someone that Defendant had switched trash vendors months prior. Plaintiff later discovered Defendant's new waste vendor was Blue Hen Disposal after he went to Defendant's location in Felton and saw trash containers marked with Blue Hen

---

[1] Plaintiff's Exhibit 1.

2

Disposal's insignia, though no evidence of this visit nor of the trash containers were offered into evidence at trial.

Plaintiff then contacted Ms. Landis, claiming he was entitled to a fee for this vendor change under the Agreement. On December 21, 2020, Mr. Ehrler on behalf of Defendant, sent a letter to Plaintiff denying any payment obligation, but offering an enclosed check for $100.00 as reimbursement for Plaintiff's time.[2] Plaintiff did not cash the check sent by Defendant.

## STANDARD OF REVIEW

This Case is a *de novo* appeal in the Court of Common Pleas from Justice of the Peace Court regarding a Civil Action for breach of contract. In civil claims, the plaintiff bears the burden to prove each and every element of his or her claims by a preponderance of the evidence. The side on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists. As trier of fact, the Court is the sole judge of the credibility of each fact witness and any other information provided. If the Court finds the evidence presented at trial to be in conflict, it is the Court's duty to reconcile these conflicts, if reasonably possible, to find congruity. If the Court is unable to harmonize the conflicting testimony, then the Court must determine which portions of the testimony deserve more weight in its final judgment. The Court must disregard any portion of the testimony which the Court finds unsuitable for consideration. In ruling, the Court can consider the witnesses' demeanor, the fairness and descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case.

---

[2]Plaintiff's Exhibit 1.

3

## DISCUSSION

To establish a prima facie case of breach of contract, Plaintiff must prove each of three elements by a preponderance of the evidence: (1) a contract existed; (2) Defendant breached an obligation imposed by the contract; and (3) damages resulted from Defendant's breach.[3] The Court finds that Defendant met their burden of proof by establishing each element of their contract claim by a preponderance of the evidence. The contract must also be signed by the party or parties to be charged as the agreement is in writing.

"As a general rule the party the party first guilty of a material breach of the contract cannot complain if the other party subsequently refuses to perform."[4] All a party must show is "freedom of fault with respect to performance of dependent promises, counter-promises or conditions precedent."[5] In order to recover damages for any breach of contract, a party must show substantial compliance or performance with all provisions of the contract.[6]

It is undisputed that an agreement existed between the parties shown by the Service Agreement presented at trial, and that Plaintiff agreed to monitor expenses for four (4) years and find cost reductions. Defendant would pay Plaintiff 40% of the cost savings enabled by Plaintiff and acted upon by Defendant.[7]

The Court, however, cannot find from a preponderance of the evidence presented at trial that Defendant breached the contract, even if it did ultimately switch disposal vendors several months after Plaintiff's recommendation. Plaintiff acknowledged that, at the time of its recommendation, Defendant would have to decide to affirmatively provide notice of termination by December 1, 2019 to switch vendors when the contract ended on March 1, 2020.

---

[3] See _Gregory v. Frazer_, 2010 WL 4262030, *1 (Del. Com. Pl. Oct. 8, 2010); _VLIW Technology, LLC v. Hewlett-Packard, Co._, 840 A.2d 606, 612 (Del. 2003).

[4] _Hudson v. D & Mason Contractors, Inc._, 252 A.2d 166 (Del. Super. 1969)

[5] _Id._

[6] _Emmet s. Hickman Co. v. Emilio Capaldi Developer, Inc._, 251 A.2d 571, (Del. Super 1969) citing _Carrol v. Cohen_, 5 Boyce 233, 91 A. 1001, 1003 (Del. Super. 1914).

[7] Plaintiff's Exhibit 1.

4

Plaintiff's evidence also showed that, for whatever reason, Defendant didn't act upon that recommendation and did not give notice of termination by that time. Plaintiff's owner could only testify that he discovered, nearly a year later, that Defendant at some subsequent point in time before October, 2020, had switched vendors. The evidence is unclear when the switch occurred, or under what circumstances, or whether any penalty was incurred in doing so. The facts established at trial are insufficient to find a breach of the contract.

Even if a breach had been established, the Plaintiff likewise has failed to prove its damages with any reasonable certainty. Plaintiff offered Mr. O'Sullivan's testimony, the Service Agreement, and a letter sent by Mr. Ehrler to Plaintiff dated December 21, 2020.[8] Neither exhibit, nor Mr. O'Sullivan's testimony, offered any proof of cognizable damages in the form of actual savings realized by Defendant upon which a percentage fee could be calculated, nor any other kind of loss to Plaintiff.

## CONCLUSION

Plaintiff provided insufficient evidence to convince the Court by a preponderance thereof that Defendant breached the contract, or that Plaintiff incurred specific, proven damages as a result of any breach of contract. Judgment is entered in favor of Defendant Felton Automotive Group, LLC, and against Plaintiff Delmarva Business Optimization Consultants, Inc. Each party shall bear its own costs.

**IT IS SO ORDERED**, this 19 day of July, 2023.

_____
Kenneth S. Clark, Jr., Judge

---

[8] Plaintiff's Exhibits 1 and 2.