THOMAS E. SHEA, d. b. a., *vs.* AGNES KERR, p. b. r.

*Assumpsit—Appeal—Contract—Merger—Variance—Pleading.*

   · 1.  If any item of plaintiff's claim is only included in, and is part of the contract specially declared on, but is not claimed or set out in the special count of the declaration, he cannot recover for such item.

   2.  If plaintiff, being entitled under the contract to two weeks' notice before discharge, is discharged without such notice, without his consent, and while tendering himself ready to perform his part of the contract, he may recover on a special count for the breach of the contract; and the measure of damages would be the amount defendant agreed to pay for the two weeks.

   3.  It cannot be said that there is a fatal variance between the contract declared on and the one proved, if there is no inconsistency between them, and the only difference consists in this,—that the contract declared on does not set out all the facts and details of the contract proved. The plaintiff may, in setting out his contract, waive the benefit of some separate and distinct parts of the contract proved; provided they do not vary, contradict or invalidate the contract as set forth in the declaration. What is proved, however, must be consistent with the contract set out in the declaration.

   4.  This is within the rule of *redundancy* only in the *proof*, explained in *1 Greenleaf on Evidence, Secs. 67 and 68, and 1 Chitty on Pleading, 299;* and is not a case resting in entirety of contract or consideration.

(*February 16, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J. sitting.

*James W. Ponder* for p. b. r.

*David T. Marvel* and *Josiah Marvel* for d. b. a.

Superior Court, New Castle County, February Term, 1899.

APPEAL from a Justice's Court (No. 240, May Term, 1897.) Action of assumpsit. The narr contained the common counts, and one special count for breach of contract. The contract was verbal.

This case was tried at the February Term, 1898, on the common counts only, the narr containing no special count. The jury returned a verdict for the plaintiff for $73.62, which the court, on motion, set aside, on the ground that the verdict was against the law and the evidence.

ARGUMENTS.

Bill of particulars filed claiming for two weeks'
services at $35.00 per week.................................$ 70 00
    Railroad Fare ..................................................... 3 62

$73 62

The total claim, with interest from May third, 1897,
amounted to $81.47. Usual pleas filed.

The plaintiff being produced, testified in part, as follows :

By *Mr. Ponder:*

Q. Will you please state the contract you made with
Mr. Shea?

A. The contract was a verbal one. I was to receive $35.00
a week and my car fare to join Mr. Shea, and my expenses while
rehearsing with him, which was two weeks. In all contracts
there is a notice of two weeks to be given by either party. That
was thoroughly understood. Mr. Shea at the time did not have
a contract of his own and so he said, " Well it is not necessary; I
am honorable and you know the terms of the contract," and he
repeated the terms, and I assented and he said, " We will just let
this go as a verbal contract. If you really require a contract I
will write it out for you." I did not think it necessary to have
a written contract. I have never had to use one against a
manager before and I let it go as a verbal contract. While here
in Wilmington Mr. Shea closed my engagement without giving
me the two weeks' notice, indeed without giving me a moment's
notice, and without paying me a cent for the two weeks. He
paid me for services, however, up until the time of closing my
engagement. If I had wished to close my engagement he would
have required two weeks notice of me and could have brought
suit against me and obtained judgment if I had refused to give
him two weeks' notice. This is very necessary in the theatrical
business. An actress could not leave a manager on a moment's
notice because it would hinder him in giving a performance and
*vice versa.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Q. Your claim is for $73.62; $70.00 of which you say is for
two weeks' salary at $35.00 per week—what is the $3.62 for?

A. He wanted to have an interview with me before engaging me and so I said that I did not care to pay my railroad fare for an interview with Mr. Shea. He said he would pay one-half of the railroad fare, and then if he was satisfied with me he would pay my expenses and my hotel bills during rehearsals. I joined Mr. Shea somewhere in Pennsylvania ; I really cannot remember where it was, but Allentown I think ; and he was delighted.

Q. You spent $3.62, which was one-half of the railroad fare and were to be reimbursed for that amount?

A. I was.

Q. Were you or not ever reimbursed by him ?

A. No, sir ; I was not.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Q. The amount of your claim then, is $70.00 for two weeks' services at $35.00 per week and $3.62, money expended, making $73.62, with interest from the third day of May, 1897 ?

A. It is ; yes, sir.

Q. You went to work for Mr. Shea pursuant to this contract, did you not ?

A. I did.

Q. You performed the services you agreed to perform ?

A. I did.

Q. And were performing them when you were discharged, were you not ?

A. I was.

The plaintiff here rested, and the defendant moved for a non suit on two grounds :

*First;* because, as contended, there was a fatal variance between the proof and the allegation in the narr as to the contract.

*Second;* because there was no evidence that plaintiff was ready to continue her part of the contract or that she did not willingly accept her discharge.

Lore, C. J :—The non suit is refused.

The defendant presented no testimony, but asked the court to instruct the jury as follows :

1.   That if the jury find that the contract as proved by the plaintiff is a different contract from the one alleged in the narr then they cannot find a verdict on the contract as alleged. *Draper vs. Randolph, 4 Harr., 456.*

2.   That if the jury believe that the amount of $3.62 expended in behalf of defendant was merged in the special contract made between the parties, then they cannot find independently for the $3.62, for the reason that it has become merged into the special contract and the law will not imply a contract where a special contract is proven.  If they prove a special contract which is different from the special contract alleged they cannot recover at all, because having proved a special contract the law will not imply one and they cannot recover upon the common counts.

3.   That it is incumbent upon the plaintiff to show that she stood ready and willing to perform her part of the contract.

LORE, C. J., charging the jury :

Gentlemen of the jury :—This action is brought by Agnes Kerr, plaintiff below, to recover from Thomas E. Shea, the defendant below, the sum of $73.62, with interest thereon from May 3, 1897.   The seventy dollars being for two weeks' salary, as leading lady in the defendant's theatrical company, at thirty-five dollars per week ; the three dollars and sixty-two cents is for car fare paid by her.

The plaintiff alleges, that she was engaged by the defendant at thirty-five dollars per week, and was not to be discharged except on two weeks' notice ; and that defendant agreed to pay one-half her car fare, amounting to $3.62.   That she was discharged without any notice ; that she now sues for two weeks' salary which she was prevented by such discharge from earning, and also for car fare paid by her.

The declaration contains a special count for the seventy dollars salary only, but contains also the usual common counts.

If from the evidence, you believe that there was a distinct preliminary agreement between the plaintiff and the defendant, in which the defendant promised to pay the plaintiff the car fare amounting to $3.62, she may recover that amount on the common counts. But if you believe the promise to pay the car fare was only included in, and was a part of the contract specially declared on, she cannot recover the car fare in this action ; because it is not claimed or set out in the special count of the declaration of the plaintiff.

If you believe from the evidence, that the plaintiff was engaged by the defendant, at a salary of $35.00 per week, and that he agreed in that contract to give her two weeks' notice before discharging her, and that he discharged her without giving such notice, without her consent, and while she stood and tendered herself ready to perform the contract on her part, the plaintiff may recover on the special count for the breach of the contract ; and the measure of her damages would be, the amount the defendant agreed to pay her as salary for the two weeks.

We cannot charge you, that the preliminary agreement respecting car fare, if any there was, was merged in the contract specially declared on ; nor can we charge that there is a fatal variance between the contract as declared upon and the contract as proved, if there shall appear no inconsistency between them, and that the only difference consists in this, that the contract as declared on does not set out all the facts and details of the contract proved. The plaintiff may, in setting out her contract, if she sees fit, waive the benefit of some separate and distinct parts of the contract proved ; provided they do not vary, contradict or invalidate the contract as set forth in the declaration. What is proved, however, must be consistent with the contract set out in the declaration.

This case seems to come within the rule of *redundancy* only in the *proof*, explained in *1 Greenleaf on Evidence, Secs. 67 and 68, and 1 Chitty on Pleading 299;* and not one resting in entirety of contract or consideration.

Verdict for plaintiff below for $81.47.