FRANK D. HITCHENS *vs.* SCHOOL DISTRICT No. 180 IN SUSSEX COUNTY.

*Assumpsit—Contract—School District; Commissioners of—Teacher; Employment of—Meeting of Commissioners, When Legal— Employment of Teacher, When Binding—Condition of Employment.*

1. When two of the three commissioners of a school district, at a meeting of which the other commissioner had due notice, verbally employ a person as a teacher of the district, such employment is legal, and binding upon the district.

2. Where one employed for service for a certain period, at a certain compensation, enters into the service of his employer, and is discharged without sufficient cause, before the expiration of the period, he is entitled to recover the wages he would have been entitled to had he been permitted to remain in the service to the end of said period.

3. But if such discharge was for the failure or refusal of the employee to observe any material condition of his employment, such discharge would be justified, and the employee could not recover compensation for the residue of the period. An agreement on the part of the teacher, at the time of his employment, to take his dinner to the school, and remain on the school premises during the recess and noon periods, and not to board at a certain place, would be a material condition of the employment.

(*April 12, 1905.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert C. White* for plaintiff.

*John M. Richardson* and *C. W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1905.

ACTION OF ASSUMPSIT on an alleged verbal contract between the plaintiff and the defendant corporation, under which he agreed to teach the public school at Redden, in Sussex County, for seven months beginning September 30, 1901, at $40 per month.

At the trial the plaintiff testified to the facts of his employment, and stated that after teaching for eleven days, the school house was locked by the school committee and that he was not

permitted by said committee to complete his contract, although tendering himself ready so to do.

(See further facts in opinion of Court denying the motion for nonsuit, and in charge to the jury.)

When the plaintiff had rested, counsel for defendant moved for a nonsuit on the ground that there was no valid contract proved, inasmuch as the employment of the plaintiff was not effected at a meeting of the school committee duly convened; citing *Smith vs. School District, 1 Pennewill, 401.*

SPRUANCE, J.:—In the case cited, *Smith vs. School District,* the agreement for the employment of the teacher was made with the commissioners individually, and not at a meeting of the board, and the Court very properly held that said agreement did not bind the corporation defendant, saying, that "In the employment of teachers, the contract to be valid should either be made at a meeting of the committee in the first instance, or else be ratified at such a meeting of the committee; of which meeting all the committee should have notice and the opportunity to attend; and at which a majority must be present and act.

"Such contract may not rest in agreements made upon solicitation or otherwise, with the individual members of the committee apart from each other; but only upon united action at a meeting duly convened."

In the present case the member of the board who did not attend the meeting at Hill's store at which the agreement with the plaintiff was made, had notice of said meeting and was requested to be present. The said meeting was held by the other two commissioners, a majority of the board, and their action in making the agreement with the plaintiff bound the defendant.

The nonsuit is refused.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, Frank D. Hitchens against the defendant, School District

No. 180 in Sussex County, to recover damages for an alleged breach of contract. If there was no breach of the contract by the defendant, there can be no recovery.

We are asked by the defendant to charge you that if, from the evidence, you believe that the plaintiff was not employed by the committee, duly convened, your verdict should be for the defendant. We decline to so charge, but say to you that in view of the uncontradicted testimony, the meeting at Hill's store, of which the other commissioner had due notice, was such a meeting of the school committee as qualified the two members then present to bind the defendant corporation by entering into an agreement with the plaintiff, employing him as a teacher of the school of said district.

It appears by the testimony on both sides that in the latter part of July or the early part of August, 1901, the defendant made a verbal agreement or contract with the plaintiff by which he was employed to teach the school of said district for seven months at $40 per month; and that under said agreement, on September 30th of the same year, the plaintiff took charge of said school and continued teaching for eleven days, when he was discharged.

The plaintiff contends that up to the time of his discharge he had performed all of the duties and conditions of his employment, and that he was ready and willing to continue so to do to the end of the period for which he had been hired by the defendant, and that his discharge was without any sufficient cause.

The defendant contends that at the time of the making of the said contract or agreement it was agreed by both parties,—

1. That the plaintiff should take his dinner to the school, and remain on the school premises during the recess and noon periods, and

2. That he should not board at the house of one Dutton who lived a very short distance from the school. If these conditions were a part of the agreement they were binding upon the plaintiff.

The defendant claims that these were material conditions of the plaintiff's employment, and that he was discharged by reason of his

breach of these conditions and his refusal to observe the same in the future.

It will be your duty to determine from the evidence whether these, or either of these conditions was a part of the said agreement between the parties, and if so, whether they, or either of them was broken by the plaintiff.

Where one employed for service, for a certain period, at a certain compensation, enters into the service of his employer, and is discharged without sufficient cause, before the expiration of the period, he is entitled to recover the wages he would have been entitled to had he been permitted to remain in the service to the end of said period.

But if such discharge was for the failure or refusal of the employee to observe any material condition of his employment, such discharge would be justified, and the employee could not recover compensation for the residue of the period.

The claim in this case is for wages at the rate of $40 per month for seven months, making $280, less $22 which is admitted to have been paid. If there was on the part of the plaintiff no breach of any of the conditions of his employment, and he was discharged, he would be entitled to recover the said amount, less this credit of $22. If on the other hand he was discharged by reason of his breach of any of the conditions of his employment, or his refusal to perform the conditions thereof, then he would not be entitled to recover anything and your verdict should be for the defendant.

Verdict for plaintiff for $258.