THE OGDEN-HOWARD COMPANY, a corporation of the State of Delaware, defendant below, plaintiff in error, *vs.* JOHN H. BRAND, plaintiff below, defendant in error.

1. MASTER AND SERVANT—NO ACTION OF DEBT FOR DAMAGES FROM WRONGFUL DISCHARGE.

A corporation's buyer and manager, employed by contract under seal at a salary of $100 per week, terminable on six months' notice, and wrongfully discharged without notice, could not maintain actions of debt to recover weekly installments of salary for the six months' period for which his contract entitled him to notice; the damages being unliquidated, as capable of reduction by whatever might have been earned in other employments.

2. MASTER AND SERVANT—MEASURE OF DAMAGES FOR WRONGFUL DISCHARGE.

The measure of damages to a wrongfully discharged employe is his stipulated salary for such period as he may be entitled to recover damages, less any amount actually earned, or which he might by due and reasonable diligence have earned during such period after discharge.

(*November* 25, 1919.)

CURTIS, Chancellor, BOYCE and RICE, Associate Judges, sitting.

*Charles F. Curley* for plaintiff in error.

*Robert Pennington* and *Samuel H. Baynard, Jr.*, for defendant in error.

In the Supreme Court.

ERROR TO SUPERIOR COURT for New Castle County, No. 4, June Term, 1919.

Actions of debt by John H. Brand before a justice of the peace against the Ogden-Howard Company. Judgments for the plaintiff. Defendant brings appeals to the Superior Court (Judges CONRAD and HEISEL sitting). Verdicts and judgments for plaintiff. Defendant brings errors. Judgments reversed.

John H. Brand, the plaintiff below and defendant in error, was employed by the Ogden-Howard Company, the defendant below and plaintiff in error, as buyer and manager, under the terms of a written contract under seal, for the period from February first, 1914, to January first, 1919, at a salary of $100 a week. The contract provided that the employment might be terminated at any time by either party to the contract giving to the other six months' notice in writing of such intention to terminate, and after the expiration of the six months' notice the agreement should terminate and be void. The contract provided that Brand should devote the whole of his term, attention and energy to the performance of his duties under the contract during the time of the agreement. On February twenty seventh, 1918, the Ogden-Howard Company discharged Brand from its employ as buyer and manager without giving him prior notice in writing, and thereafter Brand performed no services for the company, although ready and willing to do so until April first following.

Brand brought the five suits now before this court on a writ of error, together with several other suits, before a justice of the peace against the Odgen-Howard Company for salary subsequent to the date of his discharge and prior to the expiration of the term of notice, each suit being for the sum of $100 salary claimed under the contract for the week mentioned in the particular suit. The judgments before the justice of the peace in favor of Brand were appealed to the Superior Court, and by consent of both, parties

the five suits now in this court and two others were tried together. Judgments were entered in the Superior Court in favor of Brand for $100 each in the five suits: By a stipulation filed in the Supreme Court, Counsel agreed that the record and briefs filed in the first of the cases on the docket of the Supreme Court should be considered as having been filed in the remaining four cases on the docket. In the Superior Court the plaintiff filed a *pro narr*, in debt. At the trial the defendant introduced evidence to show that Brand did not devote the whole of his time and energy to the performance of his duties as buyer and manager, refused to obey the company's orders, and in other ways neglected and failed to perform his duties.

There are four assignments of error. We will consider only the first which is as follows:

. That the court erred in declining to give binding instructions to the jury to return a verdict for the defendant, on the grounds as prayed for by the defendant below, namely, that the only damages recoverable by a wrongfully discharged employe for the unexpired period of the contract, are unliquidated, and not recoverable in an action of debt on contract under seal.

RICE, J., after stating the facts as above, delivered the opinion of the court:

The question presented by the first assignment of error is whether under a contract of hiring, such as the one before us, an action of debt will lie, where an employee has been wrongfully dismissed during the term of employment, for the recovery of damages for wages after dismissal, nothing being due for wages actually earned.

. The plaintiff in error contends that the damages recoverable are not for a sum certain, or capable of being reduced to a certainty by calculation, and therefore an action of debt will not lie.

The defendant in error claims that under the terms of the contract there were two distinct periods of time involved, to wit, the first six months after his discharge without notice as provided in the contract, during which time he was entitled to the sum of one hundred dollars per week, as liquidated damages, and second, the period between the expiration of said six months and the end of the

term provided in the contract, during which time the damages were unliquidated. The defendant in error contends that the damages were liquidated and the action of debt was the proper action to bring in each of the five cases now before this court, for the reason that they were brought to recover weekly wages due within the period provided in the contract for notice of its termination, and in support of this contention cites *Shea v. Kerr*, 1 *Pennewill* 530, 43 *Atl.* 843; *Love v. Pusey & Jones Co.*, 3 *Pennewill* 577, 52 *Atl.* 542.

The principle of law for which the defendant in error contends is generally known as the "constructive service" doctrine and he claims that the doctrine has been recognized in this state in *Shea v. Kerr*. This doctrine has been recognized in some jurisdictions with approval but by the great weight of authority in this country it has not been approved.

In the case of *Shea v. Kerr*, *supra*, the court stated the measure of damages to be "the amount the defendant agreed to pay her as salary for the two weeks," covering the period of notice in the agreement; yet in considering the *Shea Case* the fact must be taken into consideration that there was no evidence introduced at the trial to show that the plaintiff earned, or by reasonable diligence could have earned, anything during that time. In fact, there was no evidence introduced for the defense, therefore the charge of the court on the law was in conformity with the facts of the case, and we think that this case does not support the contention of the defendant in error.

In the case of *Love v. Pusey & Jones Co.*, *supra*, it was held that an action of debt may be maintained in this state against a stockholder in a Kansas corporation to enforce the individual liability of such stockholder under the constitutional and statutory provisions of the state of Kansas, to an amount equal to the par value of defendant's stock, on account of the unpaid balance of plaintiff's judgment obtained in Kansas against the corporation. We do not consider this case an authority in support of Brand's contention in the case now before us, as the cases are not analogous in any respect.

Other cases in this state brought by an employe against an employer to recover damages for wrongful dismissal under a con-

tract of hiring are: *Spahn v. Willman,* 1 *Pennewill* 125, 39 *Atl.* 787; *Hitchens v. School District,* 5 *Pennewill* 325, 62 *Atl.* 897; *Carroll v. Cohen and Finklestein,* 5 *Boyce* 235, 91 *Atl.* 1001.

In the case of *Spahn v. Willman* the defendant at the trial offered evidence to show that the plaintiff had refused work of a similar character offered by a third person during the term of the alleged contract after plaintiff's dismissal. Objection was made to the testimony on the ground that plaintiff if he had been wrongfully discharged during the term of the contract was not obliged to look for other work but could wait until the end of the period covered by the contract and then sue for his wages. The court overruled the objection and admitted the evidence stating that such evidence went to the measure of damages. In the charge to the jury the court stated the measure of damages to be such amount as the plaintiff would have been entitled to under the terms of the contract less any amount he may have earned in the time which he would have given to his work, if he had continued in the defendant's employ.

In *Hitchens v. School District* the defense was that the employe had broken the contract and the employer therefore was justified in dismissing the plaintiff. There was no evidence introduced at the trial to show that the plaintiff earned or reasonably might have earned anything during the term of the contract. The court stated the measure of damages to be what the plaintiff would have earned under the contract, and said nothing relative to what he might have earned elsewhere as there was no evidence on this point.

In the case of *Carrol v. Cohen and Finklestein* the court stated the plaintiff's measure of damages to be "the amount of his wages as contracted for, for the unexpired portion of the term of employment, less the amount he has earned or might, by reasonable effort, have earned in other employment during such unexpired term." It does not appear in the report of the case that the employe earned anything elsewhere yet from the language employed by the court in stating the measure of damages it is reasonable to assume that such evidence was introduced at the trial.

We think it may reasonably be said that whatever difference there appears to be as to the measure of damages in the Delaware

cases is due to the nature of the evidence introduced, or to the lack of evidence at the trial.

[1, 2]   The contract now before the court is one of hiring, under seal, under the terms of which the plaintiff was employed and entered the service of the defendant company as buyer and manager of their business.  The employment was for a definite period, from the fourteenth day of February, 1914, to the first day of January, 1919, with the right reserved by either party to terminate the agreement upon six months written notice.  There was but one contract between the parties, and the discharge of Brand was a single act constituting but one breach, and damages for such a breach can be recovered in but one action.  That the right was reserved to either party to terminate the contract upon notice would not be sufficient reason for holding that there was a dismissal at the beginning of the period of notice and another dismissal at the end of that period, thereby constituting two distinct and separate breaches of the contract.

In the few states which recognize the "constructive service" doctrine, an employe who has been wrongfully discharged under a contract of employment for a definite term and who is ready to perform his part of the contract, may possibly recover in damages the exact amount of his wages as stipulated in the agreement, for such time as he holds himself ready and willing to perform his duties under the contract.  In these states an action of debt may be the proper action in such cases, because the damages would be for a sum certain.

From our observation with respect to the Delaware cases it will be seen that the "constructive service" doctrine has never been recognized in this state, neither is it approved by the overwhelming weight of authority in this country.  In this state and the other jurisdictions where the constructive service doctrine is not recognized, the discharged employe can recover damages only for the breach of the contract, and the measure of damages is uniformly held to be the stipulated salary  for such period as he may be entitled to recover damages, less any amount he actually earned or might, by due and reasonable diligence, have earned during such period after discharge.  The measure of damages in this state,

being as stated, the conclusion must be reached that the damages recoverable in such an action are not for a sum certain, or capable of being reduced to a certainty by calculation, such as would admit of the action of debt as a proper or maintainable one.

We are therefore of the opinion that the court below was in error in declining to give binding instructions to the jury to return a verdict for the defendant, on the ground that the damages recoverable by a wrongfully discharged employe for the unexpired period of the contract, are unliquidated, and not recoverable in an action of debt.

Finding error in the proceedings below, as specified by the first assignment of error, the court directs that the judgments below be reversed and the cases remanded to the court below for further proceedings.