JOHN H. BRAND *vs.* THE OGDEN-HOWARD COMPANY, a corpora--
tion of the State of Delaware.

1. MASTER AND SERVANT—REMEDIES FOR WRONGFUL DISCHARGE STATED.

An employee wrongfully discharged before the end of his term may treat
the contract as rescinded and sue for the value of the services rendered, or he
may treat the contract as continuing and sue for his probable damages, or he
may wait until the end of the term and sue for actual damages, not exceeding
the wages for the entire term.

2. JUDGMENT—ELECTION OF ONE REMEDY FOR WRONGFUL DISCHARGE OF
SERVANT BARS OTHER REMEDIES.

The election by a servant to pursue one remedy for his wrongful dis-
charge bars his right to pursue another remedy, since his contract of employ-
ment is indivisible and the discharge is a single breach, so that an employee

whose wages are paid to the time of discharge cannot bring separate actions for future installments of wages as they become due.

3. JUDGMENT—SERVANT WRONGFULLY DISCHARGED HAS NO RIGHT OF ACTION FOR WAGES IN ADDITION TO ACTION FOR DAMAGES.

An employee, who was wrongfully discharged in the middle of a week, cannot bring an action for the wages earned or partly earned during that week, without barring his right to recover damages for breach of contract, since the breach terminates the contract, and he is no longer entitled to wages as such, but only to damages for the breach measured by his wages.

4. JUDGMENT—RECOVERY OF WAGES AFTER WRONGFUL DISCHARGE BARS FUTURE ACTIONS FOR DAMAGES.

Where a wrongfully discharged employee brought an action for wages for the week of his discharge, alleging performance of duties for half the week and readiness to perform the other half, recovery in such action, though it was based on a wrong theory, must be treated as recovery of damages for breach of contract of employment, which bars subsequent action for such damages.

5. JUDGMENT—CONCLUSIVE, THOUGH RENDERED ON CONFESSION.

A judgment entered on confession by defendant is as conclusive, as a final adjudication of the issues joined in the action, as if there had been a trial on such issues.

*(October* 11, 1920.)

BOYCE and CONRAD, J. J., sitting.

*George N. Davis* for plaintiff.

*Charles F. Curley* for defendant.

Superior Court for New Castle County, March Term, 1920.

COVENANT No. 67, March Term, 1919.

ACTION by John H. Brand against The Odgen-Howard Company to recover damages for breach of an employment contract. Verdict directed for defendant, and plaintiff's motion for new trial was heard by the court in banc. New trial denied.

See also, 7 *Boyce,* 428, 108 *Atl.* 277.

On February 1, 1914, the plaintiff was employed by the defendant as its buyer and manager, until January 1, 1919, at a salary of $100 a week, payable weekly. The contract between them was in writing under seal, with a provision for its termination by either party before the expiration thereof, by giving to the other party six month's prior written notice. Without such notice, the defendant, February 27, 1918, discharged the plaintiff, who thereafter performed no services for the defendant, although ready and willing to do so until April 1st following.

On March 8, 1918, the plaintiff brought an action in debt against the defendant before a justice of the peace, stating the cause of action to be for the—

"Recovery of money on contract under seal. The amount demanded is $100."

In due course, on April 1, 1918, judgment was rendered and entered, as follows:

" The plaintiff having proven his case, and defendant having brought forward and pleaded as a set-off its claim and demand against the said plaintiff in the sum of $196.45 for goods sold and delivered, and money had and received and the said plaintiff admitted that of such demand as set-off he did owe the said defendant the sum of $180.97. Judgment for defendant of $80.97."

The plaintiff took an appeal to the Superior Court, for New Castle County, it being No. 89 May term, 1918, and filed a pro-narr in debt, declaring upon the same contract declared upon in the present action of covenant, being No. 67, March term, 1919. The pleas in that action were nil debit, set-off, and a special plea, which on demurrer was stricken from the files, on the ground that the defense set up in the plea could be proven under the general issue. Reps. and issues were entered. Afterwards, on February 4, 1919, defendant confessed judgment in the cause for the sum of $100, the amount demanded, which judgment was, on February 21, 1919, paid to and satisfied by the plaintiff.

Seven other actions in debt of a like nature, and for a like sum, were brought before the justice by the plaintiff against the defendant. A judgment was given for the plaintiff in each case, from which appeals were taken to the Superior Court by the defendant, and in the ordinary course, all were tried together, resulting in verdicts for the plaintiff in five of them, for the sum of $100 each. From the judgments entered, the defendant sued out writs of error. The Supreme Court reversed each of them, holding that there was but one contract between the parties, and that the discharge of the plaintiff was a single act constituting but one breach, and damages for such a breach can be recovered in but one action; that damages for such a breach are unliquidated, and are not recoverable in action of debt. The pro-narr in debt in each of these cases, and the pleas of the defendant, were identical

with the pro-narr, and pleas in the first case on appeal, in which judgment was confessed.

In the meantime, March 17, 1919, the plaintiff brought the present action against the defendant in the Superior Court. The narr filed is in covenant, for the recovery of damages from February 27, 1918, for the breach of the contract. The defendant interposed a plea of former recovery, setting up the judgment recovered in the first action on appeal. This plea was traversed by the plaintiff, it being averred in the replication that the suit referred to in said plea, and docketed in the Superior Court as No. 89, May term, 1918, was and is not the same cause of action as that alleged in the declaration filed herein, in that the cause of action declared upon in said suit, No. 89, May term, 1918, was an action in debt for a liquidated sum due and owing to the plaintiff as salary, for the week wherein he was wrongfully discharged, and not one for unliquidated damages, resulting from the breach of covenant declared upon in this action.

The cause came on for trial, and after plaintiff had introduced his facts, and rested, the defendant offered in evidence the record of the pleadings and judgment of the first action on appeal. The record was admitted in evidence over the objection of plaintiff's counsel, on the ground that the former cause of action was an action in debt for wages accrued, and that this is an action in covenant for damages arising from the breach of the contract for the wrongful discharge of the plaintiff. A motion to strike out the record evidence was denied. Without offering further testimony, counsel for defendant moved for a directed verdict in favor of the defendant, contending, that the record shows a former recovery in the same cause of action before the court. After argument, covered by the arguments of counsel hereinafter stated, the court instructed the jury to render a verdict for the defendant. Counsel for plaintiff took an exception, and also moved for a new trial. Briefly, the reasons filed for a new trial are: The court erred (1) in admitting into evidence the judgment and record of a certain cause, being No. 89, at the May term, 1918; (2) in its refusal to strike from the record the said judgment and record of the said

cause; (3)in its instructions to the jury to render a verdict for the defendant.

Upon application of the parties, the Superior Court directed that the motion for new trial and the reasons therefor be heard by the court in banc.

Argued before PENNEWILL, Chief Justice, and BOYCE, CONRAD, RICE, and HEISEL, Associate Judges.

### ARGUMENT FOR PLAINTIFF.

A cause of action for a breach of the contract of employment is independent of, and distinct from, the cause of action for wages already earned. *Perry v. Dickerson*, 85 *N. Y.* 345, 39 *Am. Rep.* 663.

An action for damages for the breach of a contract of services is not barred by the former recovery of wages due to the time of discharge. *Thompson v. Wood*, 1 *Hilt.* (*N. Y.*) 93.

The last week during which plaintiff rendered services to the defendant began on February 25, and ended on March 2, 1918. He was discharged February 27th. There was, therefore, due him as wages the sum of $50 for one-half of the week. When suit was begun in the justice's court, there existed two distinct and independent causes of action, one in debt for wages, and another in covenant for breach of the contract of employment. There is nothing to show that the right of the plaintiff to recover damages for breach of the covenant was ever raised, or tried in the justice's court, or what the justice took into consideration, in arriving at the judgment entered, except that the defendant pleaded a set-off, and was given judgment for the sum of $80.97. On the appeal to the Superior Court there was nothing to indicate upon what issues the judgment was confessed for plaintiff, which is pleaded in bar of this action.

The pro-narr of the plaintiff on the appeal was in debt. The pro-narr is not clear, in that it may be said that the first count is in covenant, but the second count is in debt and alleges:

" That the defendant below, respondent, has not paid * * * to the said plaintiff below, appellant, the sum of $100 due and owing by it, the said defendant below, respondent, to him, the said plaintiff below, appellant, for the week ending on the 2d day of March A. D. 1918," etc.

The natural inference is that the action was treated as a plain action in debt. Had it been contended to the court that the first count was in covenant, the court would then have been bound to hold that a count in covenant could not be joined with a count in debt. It must be assumed that this question was never determined in the action on appeal.

In the other seven cases, on appeal from the justice, in which the pleadings were identical with those in the former case pleaded in bar, the question suggested was raised, and its final determination in the Supreme Court was that unliquidated damages could not be recovered in an action of debt. If this question had been raised in the former case, and determined by the Superior Court as it was afterward determined, adversely to the plaintiff, by the Supreme Court in the other cases, the special plea, interposed in this action, would be no bar.

It nowhere on the face of the record in the former action on appeal appears that the question of the right of the plaintiff to recover damages for defendant's breach of covenant was ever raised or determined, nor was there any evidence in the trial of the case, now before the court on motion for new trial, to show that the question was actually litigated in the former action. It does appear, however, from the pleadings in the former action, that this question might have been litigated had judgment not been confessed.

The rule is well stated by Judge Sanborn, in *Harrison v. Remington Paper Co.*, 140 *Fed.* 385, 400, 72 *C. C. A.* 405, 420, (3 *L. R. A.* [*N. S.*] 954, 5 *Ann. Cas.* 314):

"Where the record is such that there is or may be a material issue, question, or matter in the second suit upon a different cause of action, which may not have been raised, litigated, and decided in the former action, the judgment therein does not constitute an estoppel from litigating this issue, question, or matter, unless by pleading or proof the party asserting the estoppel established the fact that the issue, question or matter in dispute was actually and necessarily litigated and determined in the former action." *Russel v. Place*, 94 *U. S.* 606-608, 24 *L. Ed.* 214; *Ætna Life Ins. Co. v. Bd. of Comm.*, 117 *Fed.* 82, 88; *Cromwell v. County of Sac.*, 94 *U. S.* 351, 359, 24 *L. Ed.* 195; *Nesbitt v. Independent Dist.* 144 *U. S.* 610, 619, 12 *Sup. Ct.* 746, 36 *L. Ed.* 562; *Railway Co. v. Leathe*, 84 *Fed.* 103, 105, 28 *C. C. A.* 277, 278.

One of the best and most thoroughly considered opinions upon this subject was rendered by Justice Field, in the case of *Russel v. Place*, 94 *U. S.* 606, 608, 24 *L. Ed.* 214.

The court's attention is especially directed to the rule laid down in *Cromwell v. County of Sac.*, *supra*, adopted by Justice Brewer in the case of *Nesbitt v. Independent District*, *supra*.

After a careful examination of the Delaware cases, nothing is found contrary to the rule contended for. *Worknot v. Millen*, 1 *Harr.* 139, 140.

*Hollis v. Morris*, 2 *Harr.* 128, differs only from the uniform authorities in that the burden of proving the non-inclusion of the new matter in the prior suit is placed upon the plaintiff.

Applying this rule in the present case, it is submitted that the court erred in granting the motion for a directed verdict at the time it did, because the plaintiff could only introduce such proof in rebuttal after the close of defendant's case, and that the opportunity so to do was never had by the plaintiff.

In *Stevens v. Gray*, 2 *Harr.* 347, there was a plea of former recovery, which was a general one to all the counts in the narr. and that the record of the recovery offered applied only to the notes. It was held that—

"The plea is of a recovery on all the matters mentioned in the narr, and evidence of recovery as to a part will not do."

In *Jones v. Charles Warner Co.*, 2 *Boyce*, 566, 83 *Atl.* 131, the defendant filed pleas in bar. Plaintiff demurred to the pleas.

The matter in controversy was, in substance, that mortar purchased by the plaintiff from the defendant was not of suitable quality for use for which it had been purchased and used, but, on the contrary, was unsuitable for such purpose, whereby it became and was of no use to the plaintiff. It was held by the court substantially that the quality of the mortar, having been raised, litigated, and determined, in the action before the justice of the peace, and this fact having been set up in defendant's pleas, and admitted by the demurrer, the same subject-matter could not again be litigated in another action, although the latter was a

cause of action different and distinct from the one tried before the justice of the peace.

This latter case is distinguished from the present one in that the subject-matter of the second action was shown to have been litigated in the former.

Plaintiff's conclusions are stated in the argument for defendant.

### Argument for Defendant.

Plaintiff's first conclusion is:

"That the cause of action in No. 67, March term, 1919, is an independent different, and distinct cause of action from that in No. 89, May term, 1918."

In the last-mentioned case on appeal and in which plaintiff had judgment by confession and was paid, the pro-narr contains two counts. The first sets out the substance of the employment contract between the parties and declares that by reason of the defendant's refusal and neglect to keep the plaintiff in its employ the plaintiff has been damaged in the sum of Two Hundred Dollars. The second count sets out verbatim the employment contract, alleges the plaintiff's performance of all things to be performed on his part, that he was wrongfully discharged on February 27, 1918, and his willingness on that date and at all times since to continue as manager of defendant's business, and declares that defendant refused to pay the plaintiff "the sum of $100 due and owing by it to the said plaintiff for the week ending March 2, 1918, according to the true intent of the contract," and concludes with an averment of damage to the plaintiff of $200 by reason of the defendant's refusal and neglect to keep its agreement. It will be noted that plaintiff in this count unequivocally relies on his right to receive $100 salary for a specified week solely because of the defendant's wrongful discharge of plaintiff.

In the present action, the defendant filed a plea in bar, setting out the judgment confessed by it on appeal from the justice and the fact that this judgment had been paid and satisfied, and that the contract declared on in this action is identical with the contract declared on in the former action. The plaintiff's re-

plication to the plea in bar denied that the former action was the same cause of action as that alleged in the declaration filed in the present action.

From the plaintiff's pleadings, it will be noted that plaintiff was discharged on February 27, 1918, which was Wednesday, and that in the first suit on appeal, No. 89, May term, 1918, he declared on his right to receive $100 for the week ending Saturday, March 2, 1918, though by his pro-narr it clearly appears he could be entitled to wages for but three days of that week, or $50. It will also be noted that in both counts of the pro-narr he clearly made his right to receive the salary of $100 for the week ending March 2, 1918, dependent on his proper performance of his contractual duties and upon the wrongfulness of the defendant's act in discharging him. The plaintiff having recovered judgment for what he specifically claimed in his pro-narr in the first action on appeal, and which he specifically describes in his replication in the present action, he cannot now claim that the former judgment recovered was not upon the issue which his pro-narr set up, and which his replication describes.

The plaintiff in his pro-narr in the former action demanded damages of one hundred dollars. By his judgment recovered, he got damages for that sum, and this judgment was for damages *qua* damages, for on no other basis, consistently with the allegations of his pro-narr, could he have recovered it. Counting on defendant's breach, he fixed his damages for the period of the particular week at $100 and his right to recover damages for the whole of the particular week was essentially dependent on the illegality of his discharge. In *Olmstead v. Bach*, 78 *Md.* 132, 27 *Atl.* 501, 22 *L. R. A.* 74, 44 *Am. St. Rep.* 273, where the discharged employe first sued in a magistrate's court and recovered for one week's wages, which judgment was paid, and thereafter brought another suit for subsequent weeks of his unexpired term of employment, the Supreme Court said:

"His suit before the Magistrate was, whatever it purported to be, a suit for the breach of the contract of hiring. It could have been for nothing else, except for services never rendered, the value of which was measured by the price agreed to be paid for them when actually performed. * * * That hav-

ing recovered before the Magistrate in his suit founded on that breach—for he could have lawfully recovered upon no other theory—he is barred, upon the satisfaction of that judgment from again suing on the same contract."

In *Ogden-Howard Co. v. Brand*, 7 *Boyce*, 482, 108 *Atl.* 277, the Supreme Court said:

"There was but one contract between the parties, and the discharge of Brand was a single act, constituting but one breach, and damages for such a breach can be recovered in but one action."

In addition to authorities cited by plaintiff, the court's attention is respectfully called to the following: 2 *Sedgwick on Damages*, 1258; *Litchenstein v. Brooks*, 75 *Tex.* 196, 12 *S. W.* 975; *James v. Allen County*, 44 *Ohio St.* 226, 6 *N. E.* 246, 58 *Am. St. Rep.* 821; *Doherty v. Schipper & Block*, 250 *Ill.* 128, 95 *N. E.* 74, 34 *L. R. A.* (*N. S.*) 557, *Ann. Cas.* 1912B, 364; *Hamilton v. Love*, 152 *Ind.* 642, 645, 53 *N. E.* 181, 54 *N. E.* 437, 71 *Am. St. Rep.* 384.

Plaintiff's second conclusion is:

"That the record of the prior action does not show that the question of the plaintiff's right to recover damages, arising from the breach of the covenant of employment, was ever raised, litigated or determined therein."

The comments already made are equally applicable to this conclusion also. If judgment is had, by confession or otherwise, in a suit, where pleadings make defendant's liability dependent upon a particular issue, surely it is a sequitur that the particular issue is determined by the judgment.

The plaintiff's third conclusion is:

"That defendant introduced no evidence to show that the said question or matter was ever raised, considered, or decided, in prior action."

Concerning this conclusion it is suggested that the defendant did introduce evidence to show that the parties to the first action on appeal were identical with the parties to the present action in covenant, and further evidence was unnecessary since the plaintiff's pleadings in the first action on appeal together with the judgment in that case clearly showed what issue was determined in that case.

The plaintiff contends in his endeavor to get away from *Hollis v. Morris*, 2 *Harr.* 128, that the court erred in granting the motion

for a directed verdict at the time it did, because thereby the plaintiff was denied his opportunity to introduce proof in rebuttal after the close of defendant's case, as to the issue upon which judgment in the first action on appeal was really secured. In the first place the plaintiff made no suggestion to the court that he desired to introduce any such evidence, and in the second place it would clearly be incompetent to introduce evidence negativing and denying the pleadings filed in that case.

BOYCE J. (delivering the opinion). The plaintiff brought this action in covenant to recover damages for the breach of an employment contract, after having recovered a judgment in a former action, on appeal from a justice of the peace, based upon the same contract. Weekly wages had been paid to the plaintiff as agreed upon up to the time of his discharge. But he had performed services during the first three days of the week in which he was discharged, and for which he had not been paid at the time he brought his first action. It is obvious from the pleadings that the first action on appeal, originally brought by the plaintiff before the justice against the defendant, was intended for the recovery of a week's wages as wages under the contract of service. And in bringing that action, the plaintiff proceeded upon the theory that he was entitled to such a recovery for the three days of services actually rendered, and for the remaining three days of the week upon the ground of his readiness and willingness to perform his contract services, but had not been allowed to do so. The language of the pro-narr filed in that action is consistent with this theory, because the cause of action and sum demanded were manifestly intended to cover services not performed as well as services performed during the week. The action was in debt as for a liquidated sum—a week's wages, as were the several other actions brought before the justice, before bringing the present action in covenant. That part of plaintiff's demand covering services for three days not performed, to say nothing of the services performed for three days was, in legal contemplation, for breach of the contract of employment; for it could have been for nothing else except for services never rendered, and a recovery therefor was a recovery

for damages and not for wages, regardless of the fact that the action was in debt, a form of action not appropriate to the cause of action.

[1, 2]    An employe wrongfully discharged before the expiration of his term of service may treat the contract as rescinded, and at once bring an action for the value of the services rendered; or he may treat the contract as continuing and sue for a breach thereof, and recover his probable damages occasioned by the breach; or, in some cases (consideration being given to the statute of limitations), he may defer action until the end of the term, and sue for the actual damages he has sustained, which, however, in no case can exceed the wages for the entire term.   He will not be allowed to pursue more than one of these remedies, and no matter which of them he elects, his action is one for damages and not for wages as wages, and a recovery is a bar to any other or further action upon the contract of employment.   *Note to McMullan v. Dickinson Co.*, 51 *Am. St. Rep.* 515 (*60 Minn.* 156, 62 *N. W.* 120, 27 *L. R. A.* 409); *Colburn v. Woodworth*, 31 *Barb.* (*N. Y.*) 381; *Saxonia, etc., Co. v. Cook*, 7 *Colo.* 569, 4 *Pac. 1111; Booge v. Pac. R. R.* 33 *Mo.* 212, 82 *Am. Dec.* 160; *Soursin v. Salorgne*, 14 *Mo. App.* 486; *Bennett v. St. Louis, etc., Co.* 23 *Mo. App.* 587; *Fowler v. Armour*, 24 *Ala.* 194; *Miller v. Goddard*, 34 *Me.* 102, 56 *Am. Dec.* 638; *Britt v. Hays*, 21 *Ga.* 157; *Rogers v. Parkham*, 8 *Ga.* 190; *Gardenhire v. Smith*, 39 *Ark.* 280; *Howard v. Daly*, 61 *N. Y.* 362, 19 *Am. Rep.* 285; *Weed v. Burt*, 78 *N. Y.* 191; *Keedy v. Long*, 71 *Md.* 385, 18 *Atl.* 704, 5 *L. R. A.* 759, and note to *Decamp v. Hewitt*, 43 *Am. Dec.* 205.

The reason that the discharged employee can bring but one action is because the contract of employment is entire and indivisible, and the discharge is a single act constituting but one breach, and damages for such a breach can be recovered in but one action.

The *Ogden-Howard Co. v. Brand*, 7 *Boyce*, 482, 108 *Atl.* 277, *Alie v. Nadeau*, 93 *Me.* 282, 44 *Atl.* 891, 74 *Am. St. Rep.* 346; *Olmstead v. Bach*, 78 *Md.* 132, 27 *Atl.* 501, 22 *L. R. A.* 74, 44 *Am. St. Rep.* 273, and other cases cited above.

If, at the time an employe is discharged, his wages are fully

paid up to that time, he cannot treat the contract of employment as continuing, and bring separate actions for future installments of wages as they become due avering his readiness to perform, but only one action for breach of the contract of hiring; for one recovery, as before stated, is a bar to another action under the contract. *James v. Allen Co.*, 44 *Ohio St.* 226, 6 *N. E.* 246, 58 *Am. Rep.* 821; *Parry v. American Opera Co.*, 19 *Abb. N. C.* (*N. Y.*) 269; *Olmstead v. Bach, supra; Keedy v. Long, supra.*

[3]   Neither can the discharged employee treat the contract as continuing, and have a recovery for wages due, or as, in this case, only partly earned, to the time of the commencement of his action, without barring his right to a recovery for damages for breach of the contract. *Richardson v. Eagle Machine Works*, 78 *Ind.* 422, 41 *Am. Rep.* 584; *Colburn v. Woodworth*, 31 *Barb.* (*N. Y.*) 381; *Parry v. American Opera Co., supra; Keedy v. Long, supra.*

So that it will be seen that the proper action for the plaintiff, in this case, upon his discharge before the expiration of his term of service, was for the recovery of damages, and not for wages for services, either actual or constructive. As to the doctrine of constructive service, it may only be said that it is not recognized in this state; but, following the overwhelming weight of authority, including the cases above cited, it is expressly disapproved. *Ogden-Howard Co. v. Brand, supra.*

The plaintiff did not, at the time he brought his first action before the justice, after his discharge, have, as is contended, two distinct causes of action, one in debt for wages, and another in covenant for breach of the contract of hiring. For after he was discharged he was not entitled any longer to wages as such, although he had performed services as already stated, and for which he had not been paid, because the contract was at an end; and for the breach of the contract he could maintain but one action. *Ogden-Howard Co. v. Brand, supra; Alie v. Nadeau, supra.*

If, after the dismissal of the plaintiff, he had a distinct and independent right of action to recover the wages earned, whether actually due, or not, before his discharge, then the effect would be

the splitting up a single cause of action, which the law does not sanction.

[4, 5]  Although the plaintiff could not recover in the former action on appeal the damages now claimed, the fact is, issue on the merits in that action was joined, and judgment was obtained, which was fully paid to and satisfied by the plaintiff.  Notwithstanding the judgment was entered on confession, it is as conclusive as if there had been a trial, and it stands, not being reversed or set aside before payment, as a final adjudication of the issues joined.  It was the plaintiff's duty to include all his claim in the first suit in a form of action appropriate to his cause of action, so that one suit should settle his whole claim.  Having recovered in his first action a sum equal to the amount of one week's wages, partly earned and partly not earned, the recovery, regardless of the demand or form of action in that suit, must be regarded as a recovery for damages for breach of the contract; for the plaintiff could not have lawfully recovered upon any other theory, and the recovery is conclusive as to the amount of the plaintiff's claim.  *Olmstead v. Bach, supra.*  Therefore the plaintiff, having prosecuted his first action to judgment, must be understood as having elected to pursue one of the remedies open to him for his discharge before the expiration of his term of hiring, and in consequence he is precluded or barred from resorting to any other.

While not insensible to the fact that the conclusion reached may result in possible hardship to the plaintiff, it is the opinion of this court that the effect of his first action on appeal, in which he obtained judgment and was paid, is to estop him from maintaining his present action in covenant, and that the motion for a new trial should be denied.

It is directed that this opinion be and it is hereby certified to the Superior Court for New Castle County.

[Signed by the Judges.]