## STINSON v. EDGEMOOR IRON WORKS, Inc.

Civil Action No. 343.

District Court, D. Delaware.

Feb. 9, 1944.

Cornelius C. O'Brien, of Philadelphia, Pa., and Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., for plaintiff.

Clair J. Killoran, of Wilmington, Del., for defendant.

LEAHY, District Judge.

This matter concerns defendant's motion to dismiss the complaint. Two separate causes of action are alleged, based on two separate contracts of employment. The first is based upon a claim for percentages of profits alleged to be due plaintiff, covering the period from January 1, 1942, to February 21, 1943. To this cause of action defendant filed its answer and served an offer of judgment upon plaintiff. We are not here concerned with this portion of the complaint. For a second cause of action, plaintiff alleged he was employed by defendant for one year from February 22, 1943, under a contractual arrangement reached on March 12, 1943, but retroactive to February 22, 1943, at an annual salary of $8,200. Breach is alleged by plaintiff's wrongful discharge on March 17, 1943, and by reason thereof he became entitled to damages in an amount representing the balance of his unpaid salary. Defendant's motion to dismiss is on the ground that plaintiff failed to state a cause of action.

Defendant argues that the applicable law supports its motion; and as this court is bound by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to apply the law of Delaware in matters of substance, the case of Ogden-Howard Co. v. Brand, 7 Boyce, Del., 482, 108 A. 277, 8 A.L.R. 334, is applicable and controls. Due to the importance of that case for the decision here, it must preliminarily have our exclusive attention. In Ogden-Howard Co. v. Brand the plaintiff sued in debt for breach of an employment contract, alleging that the unpaid balance of his stipulated salary was his damages. The Supreme Court of Delaware reversed a judgment for the plainitff and held that an action of debt would not lie because the action was not one for a sum certain. The parties differ in their interpretation of this decision. The plaintiff contends that all the court decided was that debt was not the proper form of action. Defendant, on the other hand, contends that it is implicit in the case that the burden of pleading and proving damages and mitigation in cases of breach of employment contracts rests squarely upon a plaintiff. From this, defendant argues it is not the burden of defendant to plead in mitigation of damages that plaintiff has or could have procured other employment reasonably adapted to his abilities. If this is not so under the Delaware law defendant says the action of the court in the Ogden-Howard case would have been entirely different in that the court would have sustained the action in debt and held that plaintiff had a prima facie right to recover the contract price, with the burden on defendant to prove the amount received or which might have been received by the plaintiff from other employment after his discharge.

First, defendant's argument must be tested by this proposition: If, however, the action of debt would likewise not lie in Delaware, even though mitigation was specifically pleaded by an allegation that plaintiff was entitled to the balance of the contract price because after the use of due diligence he was unable to secure other employment, then the Ogden-Howard case does not impel the conclusion that the Delaware law, as a matter of substance, imposes on the plaintiff here the burden of pleading and proving mitigation. My conclusion is that an action of debt would not lie in such a case in the Delaware courts. A quick reference to the historical development of

the action of debt will, I think, support my conclusion.

In early times,[1] the writ of debt seems to have been a writ of right for money and the action to have been a real action.[2] The conception of the courts of that time was that the debtor was holding back something which he had granted, and which therefore actually belonged to the creditor, not that the debtor was merely under an obligation to pay money. Indeed, the action lay for chattels as well as for money. Our present conception of that jural relationship which we have labelled "a contract" was not its essence and debt never lay to recover damages for the breach of promises or covenants.[3] The action of debt came to be the proper action for the recovery of a debt ex nomine and in numero, and though damages were generally awarded for the detention of the debt, they were in most instances merely nominal. 1 Chitty, Pleading (16th Am. Ed.) 121. That debt lies only where the sum is certain or can be readily reduced to a certainty by mathematical computation became firmly established. The early cases lay much stress upon the requirement that the claim sued upon must be for a definite amount. In fact, a plaintiff in an action of debt failed if the amount proved differed in any respect from the claimed amount.[4]

---

[1] The plea rolls of Richard I (circa 1189–1199) and of John (1199–1216), as well as the treatise of Glanvil, show *debt* to be one of the earliest formed actions but its use was rather infrequent until near the end of Henry III's reign (1216–1272). See 2 Pollock & Maitland, History of English Law, pp. 190–200; Morgan, Introduction to Study of Law, pp. 63–67.

[2] See 2 Pollock & Maitland, Id., pp. 204–206.

[3] See Maitland, Forms of Action at Common Law, p. 63.

[4] In Ames, Lectures on Legal History, p. 88 et seq., the author states:

"The ancient conception of a creditor's claim in debt as analogous to a real right manifested itself in the rule that a plaintiff must prove at the trial the precise amount to be due which he demanded in his praecipe quod reddat. If he demanded a debt of £20 and proved a debt of £19, he failed as effectually as if he had declared in detinue for the recovery of a horse and could prove only the detention of a cow (Smith v. Vow, Moore 298; Bagnall v. Sacheverell, Cro. El. 292; Hulme v. Sanders, 2 Lev. 4 * * * But afterwards the plaintiff was not held to a proof of the amount stated in the writ even in debt Aylett v. Lowe, 2 W.Bl. 1221; Lord v. Houston, 11 East 62 * * * See also 1 Chitty, Pl. 7 ed 127–128). For the same reasons, debt would not lie for money payable by installments, until the time of payment of the last installment had elapsed, the whole amount to be paid being regarded as an entire sum, or single thing (Rudder v. Price, 1 H.Bl. 547; Hunt's Case, Owen 42). The obligation might arise either upon a record, a writing, that is a specialty either mercantile or not; it might arise from a statutory or customary duty; or it might arise from a simple contract with the transfer of a quid pro quo * * *

"The obligation must be for a definite amount. A promise to pay as much as certain goods or services were worth would never support a count in debt (Johnson v. Morgan, Cro.El. 758). In YB 12 Ed. IV 9, 22, Brian, C. J., said, "If I bring cloth to a tailor to have a cloak made, if the price is not determined beforehand that I shall pay for the making, he shall not have an action of debt against me." (See to same effect YB 3 Henry VI 36, 33, Anon., 2 Show. 183, Mason v. Welland Skin. 238, 242). And debt could not be brought for board and lodging furnished, where no price was fixed; the person who furnished the board and lodging would be without legal remedy. (Young v. Ashburnham, 3 Leon 161). For the same reason the quantum meruit and quantum valebant counts seem never to have gained a footing among the common counts in debt (1 Chitty, Pl. 7 ed 351, 721 gives a precedent of such a count, but says that it has been doubted whether it lies. There is no case to it), and in assumpsit the quantum meruit and quantum valebant counts were disguised from the indebitatus counts. But principle afterwards yielded so far to convenience that it became the practice to declare in indebitatus assumpsit when no price had been fixed by the parties, the verdict of the jury being treated as equivalent to a determination of the parties at the time of the bargain.

"It was at one time doubted whether you could recover in debt on a specialty where the precise amount payable was not mentioned in the specialty, though it referred to something by which the amount could be made certain by outside evidence, (Johnson v. Morgan, Cro.Eliz. 758). Afterwards it was held that the

But, it was not long before the courts were allowing plaintiffs to recover a smaller sum than that stated in the writ if the obligation proved was for a specific amount. For example, in Rudder v. Price, 1 H.Bl. 547, 550, Lord Loughborough suggests that, while the demand in an action of debt must have been for a sum certain, yet it was by no means so necessary that the amount be set out so precisely that less could not be recovered. See, too, Ingledew v. Cripps, 2 Ld. Raymond 814.

It became the settled law in England ever since the early Young and Ashburnham's case, C.P.1587, 3 Leon. 161, that a promise to pay so much as certain services or goods were worth, would not support a count in debt, as the price must be fixed. In that case, the defendant took lodging at the inn of the plaintiff, but there was no price "in certain" agreed upon between the parties. It was held that an action of debt would not lie. Moreover, debt never lay to recover damages for the breach of promises or covenants. See Maitland, Forms of Action at Common Law, p. 63.

▮ The Delaware system of pleading and practice is presently that which prevailed in England at the time of the separation of the colonies. Whatever may have been the changes in the action of debt in other states, that action in Delaware remains today as it was at common law in England even prior to the adoption of the Hilary Rules in 1834. It is very clear that the action of debt as developed in England prior to the Hilary Rules of 1834 could not be used to recover damages for breach of an employment contract. In such suits the amount of damages—in accordance with the test set forth in the Delaware case of Ogden-Howard—is necessarily uncertain and unliquidated. The amount of such damages can only be ascertained by judgment of the court or by verdict of a jury after the consideration of many factors.

The Delaware authorities reassert the principle that an action of debt will not lie, unless the demand is for a sum certain, or for a pecuniary demand which can readily be reduced to certainty by computation. No Delaware case has been found which even hints that its courts are disposed to deviate from the limitations of the action of debt as they existed in England at the time of the Revolution.[5] Delaware inherited from England the law relative to an action of debt, and that law remains in force until it is changed by the Delaware courts or its Legislature. In fact, there have been no changes in the Delaware law relative to actions of debt, except in one instance. In 1933 the Legislature of the State of Delaware, Laws of Del., Vol. 38, Chap. 201, abolished the distinction between an action of covenant and one of debt. But only to this limited extent has the original action of debt been changed from its formal status at common law, and this was apparently found necessary by the enactment of a specific statute for this particular purpose.

▮ The legal literature is in agreement that it is elementary that an action of debt must be for a fixed and definite sum of money or one that can readily be made fixed and definite; e.g., Chitty, on Pleading, 16th American Ed., Vol. 1, states: "Debt, however, is not in any case sustainable, unless the demand be for a sum certain, or for a pecuniary demand * * * which can readily be reduced to a certainty * * * as in the instances before enumerated; * * * [p. 127]"; and, also, the statement regarding Delaware law found in Woolley on Delaware Practice, Vol. II, Sec. 1471, p. 993-4, where, after describing the four classes of cases in which an action of debt is maintainable, the Judge says: "In none of these classes of cases is debt sustainable, unless the demand is for a sum certain, or for a pecuniary demand which

plaintiff could recover if the amount could be made definite by extrinsic evidence before the action was brought. (Anon., Style 31, Sanders v. Marke, 3 Lev. 429, Bloome v. Wilson, T. Jones 184)."

5 There is nothing inconsistent with this statement in the dictum found in the Delaware case of Odd Fellows' Hall v. Glazier, 5 Har. 172, to the effect that where a person is under a legal obligation to pay a sum of money by virtue of a statute a recovery may be had by an action of debt, for this dictum must

be read in the light of the decisions above referred to which hold that the money obligation must be definite or capable of being readily reduced to definiteness without dispute, and there is nothing in the decision to the contrary. Cf. also, Vitelli v. Mayor and Council of Wilmington, 9 W.W.Harr., Del., 336, 199 A. 283.

This Circuit has noticed the formal view of Delaware on the action of debt. See, Williamson v. Columbia Gas & Electric Corp., 3 Cir., 110 F.2d 15, 18, 19.

would readily be reduced by reference or computation to a certainty."

Viewed against the historical development of the action of debt, it is apparent that debt would not lie in Delaware to recover damages or compensation for breach of an employment contract *regardless of the allegations in the declaration.* I consequently think it clear that Ogden-Howard Co. v. Brand, supra, merely held that an action of debt was not the proper form of action, and consequently there is no basis for defendant's contention that there are additional holdings implicit in that decision. The precise problem before me is, therefore, the simple one of whether the complaint filed in the instant case is sufficient to satisfy the requirements of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. I think it sufficient—especially, since the rules are to be construed to "secure the just, speedy, and inexpensive determination of every action". Here, the plaintiff, after stating the existence of a contract of employment and a discharge without cause by the defendant-employer, alleges: "8. By reason of Defendant's said breach of its contract with Plaintiff, Plaintiff is entitled to damages from Defendant in an amount representing the balance of Plaintiff's unpaid salary under his said contract with Defendant, the amount of which is the sum of $6,491.65 * * *." I think this is a perfectly adequate and clear allegation and one that satisfies the requirements of Rule 8.

Even conceding arguendo that the manner of pleading mitigation of damages is a matter of substance, defendant's position would be no better. Since I conclude that Ogden-Howard v. Brand, supra, merely holds that debt was not the proper form of action for breach of an employment contract, there is no Delaware authority holding that there is a burden upon the discharged employee to plead and prove inability to mitigate damages. Indeed, it is possible to glean intimations from the Ogden-Howard case—especially in view of the cases cited and relied on by the court —that there is no such burden upon the discharged employee where the action is brought properly.[6] I prefer, however, to treat the problem upon the assumption that there is no controlling Delaware decisional law upon this point. I conclude that Delaware would, under such circumstances, examine the general authority on this point and accept that authority as the law of Delaware. Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 125 F.2d 820; Moyer v. Van-Dye-Way Corporation, 3 Cir., 126 F.2d 339. The general authority—and, in fact, the almost universal weight of authority—is that the burden of pleading and proving mitigation of damages is upon the defendant employer. 3 Williston on Contracts, Sec. 1360. The motion to dismiss is accordingly without merit.

There is an additional reason why I think defendant's motion to dismiss is without merit. Even if plaintiff were under a duty to plead inability to mitigate damages, I think the allegation of the complaint is sufficient for that purpose. I think it is implicit in the present allegation that plaintiff was unable to mitigate his damages and was accordingly entitled to all of the unpaid salary. This is sufficient as a point of pleading under the simplified pleading provided for by the new Rules of Civil Procedure.[7] This imposes no hardship upon defendant for it can obtain any information relative to that matter before trial, if it so desires, by utilizing any one of several discovery procedures provided for in the Rules.

The motion to dismiss is accordingly without merit and is denied.

---

[6] This court in the case of Realty Acceptance Corporation v. Montgomery, D. C., 6 F.Supp. 593, decided before Erie R. Co. v. Tompkins, held that such burden was upon the employer and not upon the discharged employee.

[7] See, Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, for the function of a complaint under the Federal Rules.