THE FARMERS' BANK *vs.* JAMES GARDNER'S Administrators.

A claim against the sheriff for not satisfying prior liens out of the proceeds of land sold by him, is excepted out of the act of limitation, as "founded on a record," though the suit be not technically on the record.

DEMURRER.   This was an action of debt against a sheriff.   The plaintiffs declared setting out a judgment in the Supreme Court, at their suit against James Armor, for $121 21 with interest, yet unpaid and a lien on the lands of said Armor, from its date; that a writ of plu. fi. fa. was issued at the suit of John Caldwell, on a judgment against said Armor for $332 56, which writ was directed and delivered to the said James Gardner, the sheriff of N. C. C., to be executed; and upon which he made return " nulla bona, levied on lands per inquisition annexed, which inquisitors say, will not rent within the space of seven years for a sum sufficient to pay the debt;" that thereupon a writ of venditioni exponas was issued and delivered to said Gardner, as late sheriff, upon which he returned that he had sold the lands so levied on, for $1,767, subject, &c., by virtue of which sale he became liable, and was required by law to pay previous liens; and plaintiff avers that he received from said sale money sufficient to pay plaintiff's judgment, and all prior liens;

whereby action hath accrued to the plaintiff to demand and have from said defendants the sum of $196 78 : yet the said James Gardner, sheriff as aforesaid, hath not paid, nor have the defendants, his administrators, paid, &c. &c. To this declaration the defendants pleaded the act of limitation; and plaintiffs demurred.

In the argument of the demurrer, *Bradford* and *Bayard,* for plaintiff, contended that this was an action founded on a record within the meaning of the act of limitation, *sec.* 5, (*Dig.* 397.) "No action of trespass; no action of replevin; no action of detinue; *no action of debt, not founded on a record or specialty,* shall be brought after the exration of three years," &c.

The priority of the plaintiff's judgment; the obligation of the sheriff; the fund applicable; and the execution on which sale was made, are all of record.

The reason of the act of limitation does not apply to such a demand as this. A similar English statute of limitation, 21 *Jac.* 1, *ch.* 16, is held not to extend to such a case. (2 *Saund. Rep.* 67, *n.* 10 ; 2 *Mod. Rep.* 212 ; 2 *Shower* 79, S. C., *Cochram* vs. *Welbye.*) The words " founded on a record," do not mean that the action should be brought on the record; but have reference to the record as evidence of the debt.

*Whitely* and *Wales,* contra, said that the decisions referred to, are made on the statute, 21 *Jac.* 1, *ch.* 16; which differs sufficiently from our act to distinguish the cases. Our act of limitation refers to such actions founded on record as would be answered by a plea of nul tiel record. The return of the sheriff of his sale of land, is a mere ministerial act, and no record. Yet, the whole ground of action in this case arises from this return.

The narr., though in form in debt, is nothing more than a declaration in assumpsit for money had and received. If an action of assumpsit would lie in this case, the return cannot be such a matter of record as that the plea of the act of limitation will not apply. The liability of the sheriff is not from any act of the court, but from his own indorsement on the writ, which is a mere acknowledgment of a fact which charges him with the money.

It has been held that an action against a sheriff for an escape was not within the statute of *Jac.* (1 *Levinz* 191.)

A balance appearing on an administration account against an executor, though settled by the register, is not a debt of record. (3 *Harr. Rep.* 433.)

The action cannot be on the record, because there is nothing on the record to ascertain the amount of the demand.

*By the Court:*

BOOTH, *Chief Justice.*—The question presented by the demurrer is, whether the present action is barred by the 5th section of the act entitled " An act for the limitation of certain personal actions and of exceptions to accounts:" or, in other words, whether this action, within the intention of the act, is founded upon a record. If it is, it is not within the act. If it is not so founded upon a record, it is barred. (*Sec.* 5, *Dig.* 397,) " No action of trespass; no action of replevin; no action of detinue; *no action of debt not founded on a record or specialty,* shall be brought after the expiration of three years," &c.

The defendant's counsel have contended that the present action is not founded upon a record; but upon the fact of James Gardner having received under execution process, the amount of sales of James Armor's lands, and upon the implied promise which the law raises from the legal obligation of the sheriff, to pay over to the plaintiffs the principal and interest of their judgment: that the declaration filed in this case, although in form, a declaration in debt, is merely for money had and received; for which assumpsit would as well lie; and, as the latter action cannot be founded on matter of record, this present action of debt cannot be considered as being founded on a record; but is founded in matter of fact, and the record is only inducement to the action.

The whole argument against the demurrer is based on a fallacy. It assumes as a principle, that an action of debt is not founded upon a record, unless the record itself constitutes the cause of action, and unless nul tiel record is a proper plea. Therefore, where the cause of action arises from a legal liability depending on a matter of fact, of which the record is the evidence, as *nil debet* and *not nul tiel record*, is a proper plea, *the action cannot be founded upon the record,* but upon matter of fact : and the conclusion is, that in the former case, the action is not within the operation of the act of limitation; and, that in the latter case, the action is barred. ᵗWere this mode of reasoning correct, it would follow, that the present action, to which *nil debet* is properly pleaded, and *nul tiel record* would have been a bad plea, is barred by the act.

That there is a distinction between the two classes of cases, as regards pleading, is admitted; but that any exists, as regards the act of limitation, is denied. Both are excluded from its operation, and for the same reason. The object and policy of the act of limita-

tion is to prevent the institution of suits at a remote period of time from the accruing of the cause of action, where the claim or demand depends on evidence not permanent in itself; but which by lapse of time, by the imperfect memory, or by the death of witnesses, is rendered doubtful and uncertain; and where injustice, fraud, or perjury might be resorted to, for the purpose of substantiating or resisting claims that have long been permitted to lie dormant. The act of limitation wisely and beneficially interposes, by requiring suits to be brought within a reasonable time, when all the facts and circumstances under which a right of action may be enforced or opposed, are fresh in the memory of witnesses; and by barring the remedy of those who slumber on their rights, and neglect to litigate their claims within the time prescribed by the act. Hence, its several provisions have reference to the nature and character of the evidence, which it is necessary to produce, to sustain the action. Where the evidence is not fixed or permanent in its character, the remedy is barred after the expiration of three years from the accruing of the cause of action. Where the evidence is rendered more durable by the demand or cause of action being reduced to writing, the period of limitation is six years. But where the right of action is fixed, permanent, and so certain, that it cannot be changed, misconstrued, or misunderstood, as in the case of a specialty or a record, the act of limitation is silent, and leaves the case to the common law presumption of payment or satisfaction after the lapse of twenty years.

No difference exists in reason, or in the obvious intention of the act, whether the record itself constitutes the cause of action, as in the case of debt on a judgment, or a recognizance for the payment absolutely of a specific sum of money; or whether the record shows a legal liability or obligation to pay a certain sum of money, for the recovery of which an action of debt is brought. In both cases the record furnishes the same permanent and unalterable evidence for establishing the claim; and must be set forth in the declaration. In debt on judgment, the declaration sets forth simply the judgment; because on that alone the defendant's liability is founded; but in an action of debt like the present, the declaration sets forth the judgment, the amount of which is sought to be recovered, the execution process under which the levy was made and the lands sold, and the defendant's return on such process; because they are all matters of record essential to the right of action, and on which the liability of the defendant as sheriff, is founded. In each case, the declaration expressly alledges that by means or by reason of the record, an

action has accrued to the plaintiff to demand and have of the defendant, the sum demanded.

The statute 21 *James* 1, *ch.* 16, bars "all actions of debt grounded upon any lending or contract without specialty." Our act bars all actions of debt "not founded upon a record or specialty." The meaning of each is substantially the same. The cases cited by the plaintiff's counsel from 2 *Shower's Rep.*, 2 *Modern*, and the note of Sergeant Williams, in 2 *Saunders* 67, are conclusive authorities upon this question.

The opinion of the court therefore, is, that the plaintiff have judgment on the demurrer.

*Bradford* and *Bayard*, for plaintiff.

*Wales* and *Whitely*, for defendant.