### INDIA BAGGING ASSOCIATION *v.* B. KOCK & Co.

An agreement was entered into by several commercial firms, by which they bound themselves for the term of three months, not to sell any India cotton bagging, except with the consent of the majority of them.—*Held*: That it was a combination to enhance the price of the article, which is in restraint of trade and contrary to public order, and that the agreement could not be enforced in a court of justice.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. G. *LeGardeur*, for plaintiff. *E. Briggs*, for defendants and appellants.

BUCHANAN, J. On the 7th August, 1856, an association of eight commercial firms in New Orleans, holders of 7410 bales of India cotton bagging, was formed into what they called a copartnership for the sale of India bagging, but which ought rather to be called a partnership to prevent the sale of India bagging; for, by their articles of association, the subscribers bound themselves, for the term of three months, not to sell any bagging, nor to offer to sell any, except with the consent of the majority of them, expressed at a meeting ; under the penalty of ten dollars for every bale so sold, or offered to be sold. It must be observed that the 7410 bales of India bagging held by the members of this association, in unequal proportions, did not cease to be the property of the individual members. It is indeed said, in the fifth article of association, that the bagging is accepted by the association for the benefit of its members *individually and separately*, at the rate of 20 cents per yard. But this clause means nothing, if it does not mean that each member of the association accepts his own stock of bagging at that price. For at the end of three months, each member was to resume the uncontrolled disposal of his own stock of bagging ; and it is admitted by plaintiffs that two of the members, holders of 2605 bales, withdrew from the association before the expiration of the limited term of three months.

This suit is brought against one of the members, by the manager of this association, for the recovery of a penalty of seven thousand four hundred dollars, for having sold seven hundred and forty bales of bagging, in contravention of the articles of association.

Defendant denies having sold as alleged, and claims in reconvention, of plaintiffs, three thousand dollars and upwards, for so much paid them for sales made by him in excess of twenty cents per yard..

From the argument, the whole dispute seems to be about a lot of 101 bales of bagging sold on the 7th November, 1856 ; one party asserting that date to have been within the term of the association, while the other party contends that its term expired on the 6th November.

This is a case which ought never to have come before us. The agreement between the parties was palpably and unequivocably a combination in restraint of trade, and to enhance the price in the market of an article of primary necessity to cotton planters. Such combinations are contrary to public order, and cannot be enforced in a court of justice. C. C. 1889, 1887 ; Merlin, Rep. de Jurispr., verbo Monopole ; Blackstone's Comm., book 4, chap. 12, §§ 8 and 9 ; Chitty on Contracts, edition 1855, p. 678 ; 1st Smith's Leading cases, 367, 381 ; French Penal Code, Art. 419 ; Pardessus, Droit Comm., vol. 1, p. 265 ; *Lang* v. *Weeks*, 2 Ohio Repts., N. S., 519 ; *Thomas* v. *Tiles*, 3d Ohio, 274.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that this suit be dismissed, at costs of plaintiff in both courts.

COLE, J., recused himself in this case.