KENTUCKY COAL & TIMBER DEVELOPMENT CO. v. KENTUCKY
UNION CO.

(Circuit Court of Appeals, Sixth Circuit.   May 2, 1911.)

No. 2,094.

1. LIMITATION OF ACTIONS (§ 180*)—PLEADING—DEMURRER—CONSTRUCTION.

A demurrer that the alleged cause of action as shown by the bill accrued more than 35 years prior to the filing thereof, and was "stale and barred by * * * limitations," should be construed as alleging two grounds of demurrer, viz., laches of the complainant and its predecessor, and also limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 180.*]

2. LIMITATION OF ACTIONS (§ 37*)—FRAUD—STATE STATUTES—CONSTRUCTION.

Ky. St. § 2515 (Russell's St. § 224), provides that an action for relief for fraud or mistake shall be commenced within five years after the cause of action accrues.  Section 2519 (section 229), declares that in actions for relief for fraud or mistake, or damages for either, the cause shall not be deemed to have accrued until the discovery of the fraud or mistake, but that no such action shall be brought 10 years after the time of making the contract or the perpetration of the fraud, and section 2523 (section 240) provides that the limitations prescribed in the chapter shall apply to all actions brought by or in the name of the commonwealth in the same manner as to actions by private persons.  *Held* that, where a subsequent patent was claimed to have been based on a forged survey, an action to set aside such patent as a cloud on the title of the holders under an earlier patent was barred after 10 years, whether brought by the holders under the original patent or by the state.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 182–186; Dec. Dig. § 37.*]

3. COURTS (§ 375*)—STATE STATUTES—APPLICATION IN FEDERAL COURTS.

While state statutes by their own force are not applicable in the courts of the United States, they may be, and in many instances have been, adopted by acts of Congress as federal laws.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. § 375.*]

4. COURTS (§ 375*)—LIMITATIONS—FEDERAL COURTS—FOLLOWING STATE LAWS.

There is no general statute of limitations in the law of the United States applicable to suits in equity; the courts having adopted the practice to accept the statutory regulations of the states prescribing the time within which suits may be brought, whenever by so doing the court is not required to abrogate its own principles, in which case it will protect its own jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. § 375.*

State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

5. QUIETING TITLE (§ 29*)—TIME—LACHES.

A suit brought to quiet title as against holders under a subsequent patent based on a prior survey, on the ground that the date thereof was a forgery, and that the survey was in fact made subsequent to that on which complainant's patent was based, was prima facie barred by laches, where it was not instituted until 35 years after the forgery was perpetrated, in the absence of any allegation in the bill that the fraud had not been previously discovered.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 63; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

187 F.—60

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

Bill by the Kentucky Coal & Timber Development Company against the Kentucky Union Company to remove a cloud on title. From a decree dismissing the bill on demurrer, plaintiff appeals. Affirmed.

J. J. C. Bach, Grannis Bach, and Chester Bach (S. D. Rouse, of counsel), for appellant.

W. B. Dixon (O. H. Pollard, of counsel), for appellee.

Before SEVERENS and KNAPPEN, Circuit Judges, and SATER, District Judge.

SEVERENS, Circuit Judge. The bill in this case was filed for the purpose of removing a cloud upon the title to certain lands in the Eastern district of Kentucky of which the complainant claims to be the owner under a grant from that state. The state of Kentucky is joined as a complainant, suing for the use and benefit of the real complainant, but it has no other than a moral interest which it may have to vindicate its own grant to the proper grantee. It has no real interest in the controversy. The defendant demurred to the bill upon the grounds that the claim made by the complainant was stale and was barred by the statute of limitations of the state. The demurrer was sustained by the court, and the bill was dismissed. We have therefore to ascertain whether a case was made by the allegations of the bill which, being taken as true, would entitle it to the relief prayed.

The bill avers that the complainant is the owner in fee simple of a certain described part of a tract of land of 154,800 acres sold and patented by the state of Kentucky on June 15, 1872, to Stephen G. Reid and deraigns the title of Reid to the complainant by certain mesne conveyances. It further alleges that the complainant "is in the constructive possession and entitled to the actual possession" of the lands in controversy; and, further, that its immediate grantee had likewise had the constructive possession before and at the time of its grant to the complainant. Without more particular detail, we have stated the substantive facts of the complainant's title in sufficient form for the purposes of our decision.

The bill then proceeds to charge that the defendant is falsely and fraudulently setting up a claim of title superior to that of the complainant and founds its alleged superior title on a patent issued by the state of Kentucky on January 14, 1874, to one Thomas Manns, whose title the defendant claims to have acquired. And thereupon it is alleged (and this is the pith of the matter) that this patent purports on its face to have been issued upon a survey made on the 18th day of October, 1871, a date prior to that of the survey on which the Reid patent was issued, whereas, in truth and in fact, the Manns survey was made October 18, 1873, and was originally so stated therein. We excerpt from the bill the allegations of the manner and circumstances of the change of the year in the date of the Manns survey from 1873 to 1871, as follows:

"Your orator says: That on the 18th day of October, 1873, the said Thomas Manns, procured one Preston Craft, then surveyor of Breathitt county, to

survey for him the boundary of land described in said grant, the said Craft having in the meantime procured from the county court of Breathitt county six (6) orders of said court each of which authorized him to enter and survey 200 acres of vacant land in said county. That said Craft after making the survey above mentioned in the 18th day of October, 1873, deposited the said six copies of the orders of the court together with a plat and certificate of his survey with the register of the land office, but afterwards he and the said Manns discovered that the greater part of said tract of land of 5,078 acres was included within the exterior lines of the Reid grant and for the wrongful and fraudulent purpose of obtaining the apparent elder survey to that part of said land that was included within the grant from the commonwealth of Kentucky to Stephen G. Reid they obtained permission from the register of the land office to withdraw the plat and certificate of survey from said office and changed the date October 18, 1873, to October 18, 1871, and returned it to the said register's office, and in this way procured the patent above named to be issued to the said Thomas Manns upon a survey purporting to bear date October 18, 1871, when it should have been October 18, 1873."

And it is claimed that, the recital in the Manns patent of the date of his survey being forged and erroneous, the patent itself was void. It is evident that, if the facts were as stated, Reid could not have been divested of his title by the subsequent grant to Manns. And if the falsity of the date in the survey and the patent to the latter was not known at the time of the perpetration of the fraud, and remained unknown to Reid and those succeeding to his title, and could not with due diligence have been ascertained, they might upon the principles of equity be entitled to relief against the former; provided they proceeded without unreasonable delay after the discovery of it. But we are not required to pursue that subject.

The grounds of the defendant's demurrer are thus stated:

"And it appears from said bill that the alleged change of date from October 18, 1873, to October 18, 1871, of the survey upon which such grant issued, was made on or prior to such 14th day of January, 1874, and the cause of action alleged in said bill of complaint is shown by said bill of complaint to have accrued more than thirty-five (35) years prior to the filing of the said bill of complaint, and is stale and is barred by the statute of limitation."

[1] In the brief of the counsel for complainant it seems to be assumed that the demurrer really states but one ground; i. e., the bar of the statute of limitation of Kentucky. On the other hand, the counsel for complainant assume that the grounds of demurrer are twofold. the laches of complainant and its predecessor and also the statutes of limitations. We think the latter is the proper construction. The phrase "stale claims" is a familiar expression in courts of equity and has a well understood meaning. It is not an apt expression to apply to the bar of a statute. The fair interpretation of the language seems to intend both defenses.

[2] The relevant statutes are these:

"Sec. 2515. * * * An action for relief on the ground of fraud or mistake, * * * shall be commenced within five years next after the cause of action accrued." (Russell's St. § 224.)

"Sec. 2519. In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud." (Section 229.)

"Sec. 2523. The limitations prescribed in this chapter shall apply to actions brought by or in the name of the commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." (Section 240.)

The effect of these statutes is discussed in the briefs of counsel. The result of the contention for the appellee may be summed up for the purposes of this case in the statement that all actions in the courts of Kentucky, whether brought by private parties or by the state, shall be brought within ten years after the cause of action accrues, and, after the lapse of that time, shall be barred. We are satisfied from an attentive examination of the decisions of the Court of Appeals of the state that such is the effect which the court attributes to them.

It is contended for the appellee that the patent to Manns being founded upon a forged and false statement of the date of the survey on which it was issued is utterly void, that it had no effect on Reid's title, and that his patent endured as if the Manns patent had never been granted. But, so long as the Manns patent was not impeached, it would stand as a valid grant, and would be superior to Reid's title. In order to displace it, there was a necessity for invoking the jurisdiction of the court and obtaining a decree setting aside the patent such as is sought by the bill filed in the case before us. In prosecuting such a suit the complainant may be confronted by defenses arising from the lapse of time.

[3] State statutes of limitation are prescribed for the tribunals of the state. They are not ex propria vigore, of any force in the courts of the United States. They may be, and in many instances have been, adopted by acts of Congress as laws of the United States.

[4] There is no general statute of limitations in the laws of the United States relating to suits in equity. But, speaking now of the equity courts of the United States, there has been for the sake of conformity a disposition to accept the statutory regulations of the states prescribing the time within which suits may be brought. And this practice has ripened into a rule which will be enforced whenever by observing it the court is not required to abrogate its own principles, in which case it will protect its own jurisdiction. Alsop v. Riker, 155 U. S. 448, 460, 15 Sup. Ct. 162, 39 L. Ed. 218; Patterson v. Hewitt, 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214. Instances are found where those courts have enforced the doctrine of laches in favor of defendants where the lapse of time has been shorter than that prescribed by state laws, but where the peculiar circumstances gave rise to an equity which the court was bound to protect. By the same token it would allow a longer period for bringing suit than that prescribed, when by fraud or concealment of the cause of action had not been discovered, or would not by reasonable diligence have been discovered. Such a case was presented in Eddy v. Eddy, 168 Fed. 590, 93 C. C. A. 586, a case decided by this court, where this subject was discussed at some length.

[5] Applying these rules to the present case, it may be that if the complainant had alleged in its bill that the fraud by which the date of the Manns survey was altered so as to give precedence to his patent was not discovered by Reid or his successors in title, and would not by the

use of reasonable diligence have been discovered until about the time the suit was commenced to annul the patent, the court would have felt inclined to grant the relief notwithstanding the great lapse of time. It must be confessed that in the circumstances stated the fraudulent act charged would be likely to remain undiscovered. But, however this might have been, it was incumbent on the complainant seeking this relief to have alleged the fact, if it was so, that the fraud had not been discovered. The fact that it was possible to have discovered it is shown by the filing of this bill. How it should have first become known 35 years after its occurrence and then be developed requires explanation, and the complainant does not give any explanation. The burden was on that party to make it, and the presumption is that the discovery of the fact is not new. It is entirely consistent with the statement of the complainant's case that the parties in its chain of title from Reid to the final purchaser had all along been conversant with the facts. The decisions are uniform to the effect that such protracted and unexplained delay constitutes laches fatal to relief. Badger v. Badger, 2 Wall. 87, 17 L. Ed. 836; Godden v. Kimmell, 99 U. S. 201, 25 L. Ed. 431; Richards v. Mackall, 124 U. S. 187, 8 Sup. Ct. 437, 31 L. Ed. 396.

These observations are sufficient for the disposition of the case, and there is no necessity to consider other questions mooted in the briefs.

The decree of the Circuit Court must be affirmed, with costs.