WASILY HOMIEWICZ, administrator of Alexander Homiewicz, deceased, *v.* FRANK ORLOWSKI and HELENA ORLOWSKI.

(*April* 3, 1928.)

PENNEWILL, C. J., RICE and RODNEY, J. J., sitting.

*William Prickett* for plaintiff.

*Philip L. Garrett* for defendants.

Superior Court for New Castle County, No. 59, September Term, 1926.

RODNEY, J., delivering the opinion of the court:

This case calls for a construction of the Delaware Act commonly called the *Death Act*, of which Lord Campbell's Act was the prototype, and to determine the statute of limitations applicable thereto. The Delaware act is now found as *section* 4155 of the *Revised Code of* 1915 and reads as follows:

"No action brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit be brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there be no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

Section 4155, above quoted, was originally passed January 26, 1866, as *chapter* 31, *vol.* 13, *Laws of Delaware.* The two paragraphs of the above section then existed as two separate sections. The first section (the first paragraph of section 4155) was and is purely a survival statute, to prevent the abatement of any suit which had been brought by an injured person in his lifetime. With this we are not concerned.

The second paragraph of section 4155 (section 2 of the original act) does not depend on the first paragraph, but is entirely independent thereof and at its passage introduced into the body of our law entirely new rights upon principles which had theretofore been non-existent. The original section was adopted almost *verbatim* from the Pennsylvania Act of April 15, 1851 (3 *Pepper & Lewis' Digest, col.* 5332).

It is apparent that no statute of limitations is made a part of our "Death Act" and the sole question for our determination is the applicability of the one-year limitation governing actions for "per-

sonal injuries." The limitation governing the similar Pennsylvania statutory provision was not a part of the original Pennsylvania Act of 1851, but introduced by an amendatory act of April 26, 1855. It is unnecessary now to consider many features of the act under consideration. This court in *Perry v. P., B. & W. R. R.*, 1 *Boyce* (24 *Del.*) 399, 77 *A.* 725, in an exhaustive and carefully considered opinion determined several questions involved in the present discussion. Other features of the act were commented on in *Sobolewski v. German*, 2 *W. W. Harr.* (32 *Del.*) 540, 127 *A.* 49. In the last cited case there was no necessity to distinguish between the terms "right of action" and "cause of action" and the present writer somewhat incautiously failed to draw such distinction.

The court in *Perry v. P., B. & W. R. R., supra,* considered the inability of legal recovery for death at common law by reason of the rule *"actio personalis moritur cum persona"* and showed how this was remedied by the enactment of Lord Campbell's Act in 1846. The court held that the Delaware statute was substantially similar to the English act, the full text of which may be found in *Goodyear v. Davis*, 114 *Kan.* 557, 220 *P.* 282, 39 *A. L. R.* 576. Statutes involving the general principle of Lord Campbell's Act have, with varying modifications, been enacted in almost all American jurisdictions. The comparative terms of all these statutes may be found as a preface to *Tiffany's Death by Wrongful Act* (2d *Ed.* 1913). This great body of statutory law has given rise to a maze of judicial decisions which can only be harmonized by a careful consideration of the statutes upon which they are based. From this great number of judicial decisions, and especially from *Perry v. P., B. & W. R. R.*, and cases construing statutes similar or analogous to our own, certain fixed principles may readily be gathered.

It seems now to be entirely settled that the action given by the *Death Act,* or as it is called in England "the Fatal Accident Act," is not a continuation of the right of action the injured person would have had if he had not died, but a new and distinct right of action. This new right of action in Delaware from 1866 to 1901 did not seek recovery based on the injuries to the deceased, but,

arising upon the death of the deceased, was based, in the words of the statute, "for the death thus occasioned"; in 1901 the statute was slightly amended by the inclusion of the word "loss," and the action is now "for the death and loss thus occasioned." While the right of action in behalf of the statutory parties for the death is distinct and separable from the right of action by the injured person for his injuries yet the cause of action is the same, viz., the actionable tort, the cause alike of the injuries and of the death. A clearer conception of the relative rights may be acquired by an arrangement of the events in their proper sequence. Upon the happening of an actionable tort there arises, of course, a right of action on the part of the injured person for his injuries. The tort is the cause of the action and during the life of the person injured by the tort the liability of the tort-feasor can only be enforced or affected by such injured person. Liability for the tort may be released by a person before its commission as under a contract involving a release to a carrier from liability for future neglect of its servants (*Perry v. P., B. & W. R. R., supra*); by his acceptance of a free pass releasing liability (*Northern Pacific Ry. Co. v. Adams*, 192 *U. S.* 440, 24 *S. Ct.* 408, 48 *L. Ed.* 513); by his acceptance of compensation for the injury he has sustained (*Hill v. Pa. R. R. Co.*, 178 *Pa.* 223, 35 *A.* 997, 35 *L. R. A.* 196, 56 *Am. St. Rep.* 754). See, also, cases collected in 39 *A. L. R.* 579.

If the injured person dies as a result of his injuries, there springs into being by virtue of the cited statute, a new right of action on behalf of the statutory parties. This new right of action is based upon the same cause of action the injured person had, viz., the original tort, and comes to the statutory plaintiffs charged with any infirmities existing against the injured person, such as his contributory negligence and also subject to any discharge the injured person may have created such as his release. In such a case the tort having been discharged by the injured person in his life there remains no unsettled tort as a basis for the action by the statutory parties. Thus in *Perry v. P., B. & W. R. R., supra*, 1 *Boyce*, at *page* 424 (77 *A.* 734), the court said:

"Our conclusion is that by the death provision of our statute a new right of action has been created in favor of the person or persons named in the

statute, but such right of action is dependent upon the right of the party injured, had he not died in consequence of his injuries, to maintain his action for personal injuries."

By the express terms of the statute, too, the right of action on behalf of the statutory plaintiffs only exists where no suit for damages has been "brought by the party injured * * * during his or her life."

Where the action is brought by the injured person in his lifetime, such action is, of course, brought to recover for the personal injuries sustained by him and such action is subject to the limitations of time set out in *section* 4675 above quoted.

Where, however, no action has been brought by the injured person in his lifetime, and where such injured person dies as a result of the injuries sustained by him without having excused or released the cause of action, the right of action exists in a statutory plaintiff. This action does not seek to recover for the personal injuries sustained by the injured person, but does seek to recover for the "death and loss thus occasioned." The recovery not being for the personal injuries sustained by the deceased, the right of action cannot be subject to the limitations of *section* 4675 which deals solely with the limitation for the recovery of damages for personal injuries. The damages themselves in an action brought for death would not be based upon the injuries sustained, but upon the death and loss thus occasioned.

In this case we are not directly concerned with the interesting question as to whether a right of action remains in the statutory parties if the right of action of the injured party has been barred by the limitation of time, as where the injured party survives beyond the period of limitation without bringing any suit or discharging or releasing the tort in any way. It is not without interest that in such a case, under a statute precisely similar to our own, it has been determined that the action by the statutory party is not affected by the fact that the statute limitations had run against the injured person in his lifetime. *W. U. Tel. Co. v. Preston (C. C. A.)*, 254 *F*. 229, *writ of certiorari* denied by the Supreme Court, 248 *U. S.* 585, 39 *S. Ct.* 182, 63 *L. Ed.* 433.

In the present case it is admitted that the deceased, Alexander Homiewicz, sustained his injuries July 15, 1923, and died upon the same day without having brought any suit for damages. Our conclusion is that a suit brought by the personal representatives of the deceased is not barred by the quoted statute limitations of one year which embraces only actions for the recovery of damages upon a claim for personal injuries.

The demurrer to the plea of statute of limitations is sustained.