## WILLIAMSON v. COLUMBIA GAS & ELECTRIC CORPORATION.
### No. 7168.

Circuit Court of Appeals, Third Circuit.
Dec. 21, 1939.

Rehearing Denied Jan. 27, 1940.

Writ of Certiorari Denied May 27, 1940.

See 60 S.Ct. 1087, 84 L.Ed. ——.

acquired and the corporation making the acquisition, or to restrain such commerce in any section or community, or tend to create a monopoly of any line of commerce. * * *" The plaintiff claims threefold damages in accordance with the provisions of section 4 of the Clayton Act, 15 U.S.C. § 15, 15 U.S.C.A. § 15, which provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and' shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Arthur G. Logan and Marvel, Morford & Logan, all of Wilmington, Del., for appellant.

Clarence A. Southerland, of Wilmington, Del., and Douglas M. Moffat, of New York City, for appellee.

Before MARIS, BIDDLE, and JONES, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by Ben Williamson, Jr., Trustee of Inland Gas Corporation, from an order of the District Court for the District of Delaware dismissing his complaint against Columbia Gas & Electric Corporation. The plaintiff was appointed trustee of Inland under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § '207, and filed his complaint September 16, 1938. The allegations of the complaint are fully stated in the opinion of the district court, 27 F.Supp. 198, and need not be repeated here. It is sufficient to say that the acts of Columbia complained of are alleged to be in violation of section 7 of the Clayton Act, 15 U.S.C. § 18, 15 U.S.C.A. § 18, which provides in part: "No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital of another corporation engaged also in commerce, where the effect of such acquisition may be to substantially lessen competition between the corporation whose stock 'is so

Columbia moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Its motion was based on the ground that the plaintiff's cause of action did not accrue within a period of three years prior to the commencement of the action. The parties agreed by a stipulation which accompanied the motion to dismiss that the right of action accrued not later than January 1, 1931. The motion was sustained and the complaint dismissed by the district court.

■ To determine the applicable period of limitation we must resort, as the district court did, to the laws of Delaware, for the rule is well established that where an act of Congress does not fix a limitation of time for commencing actions to enforce it the state statute of limitations is applicable.[1]

The Delaware statute of limitations, Revised Code of Delaware, 1935, § 5129, provides in part: "No action of trespass, no action of replevin, no action of detinue, no action of debt not found upon a record or specialty, no action of account, no action of assumpsit, and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action; * * *."

It is apparent that the statute does not apply to actions of debt on a record or specialty. As to such actions the courts of Delaware have said that the only limi-

---

[1] Revised Statutes Sec. 721, 28 U.S.C. § 725, 28 U.S.C.A. § 725; Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L. Ed. 133; Donald v. Bird, 9 Cir., 85 F. 2d 663; and with especial reference to the antitrust laws, Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885.

tation is the presumption of satisfaction after twenty years.[2]

It is the contention of the plaintiff that his action is in the nature of an action of debt on a specialty and is therefore not barred, having been brought within twenty years. Columbia argues, however, that the complaint set forth a cause in tort for which an action of trespass on the case was the only remedy, and that, since the suit was brought more than three years after the cause of action had accrued, recovery was barred by the statute. We are, therefore, called upon to determine whether an action in the nature of debt on a specialty at common law may be brought to recover damages for injuries to business resulting from acts forbidden by section 7 of the Clayton Act; or whether an action in the nature of common law trespass on the case is the sole remedy of the aggrieved party. The answer to this question obviously depends upon the nature of the cause of action granted by the statute and asserted in the complaint.

The purchase of stock control by one corporation in another so as to lessen competition, restrain trade and effect a monopoly would have been a wrong to the public at common law as is shown by the fact that the courts early declared agreements having such results against public policy and unenforceable.[3] The anti-trust legislation extended this protection to the individual, and gave him a right of action for injuries sustained by him which up to that time had received no judicial recognition. An analogous situation arises in cases in which a right of action is given for death by wrongful act by a statute such as § 4638, Revised Code of Delaware, 1935. No such right existed at common law. The Delaware courts have determined that the cause of action sounds in tort. So in Homiewicz v. Orlowski, 4 W.W. Harr. 66, 34 Del. 66, 143 A. 250, 252, the court said: "If the injured person dies as a result of his injuries, there springs into being by virtue of the cited statute, a new right of action on behalf of the statutory parties. This new right of action is based upon the same cause of action the injured person had, viz. the original tort * * *." In Hazzard v. Alexander, 6 W.W.Harr. 212, 36 Del. 212, 173

---

[2] Farmers' Bank v. Gardner's Adm'rs, 4 Del. 430, 433 "But where the right of action is fixed, permanent, and so certain, that it cannot be changed, misconstrued, or misunderstood, as in the case of a specialty or a record, the act of limitation is silent, and leaves the case to the common law presumption of payment or satisfaction after the lapse of twenty years."

[3] The granting of monopolies, which was a prerogative of the sovereign, was early declared to be contrary to common law as well as to many acts of Parliament. The reasons given were that monopolies tended to increase prices, deteriorate the quality of commodities and reduce artificers to idleness and beggary. The Case of Monopolies, 11 Coke 84b. Acts which resulted in a partial or complete control over victuals were made crimes by statutes relating to engrossing, regrating and forestalling. 5 and 6 Edward VI, cap. 14 (1552) repealed by 12 George III, cap. 71 (1772) and 7 and 8 Victoria, cap. 24 (1844). ("Engross.— To buy up such large quantities of an article as to obtain a monopoly of it for the purpose of selling at an unreasonable price." "Regrating.—Every practice or device, by act, conspiracy, words, or news, to enhance the price of victuals or other merchandise, is so denominated. Co. 3d Inst. 196; 1 Russell, Cr. 169. Whart.Cr.Law 1849." "Forestalling the Market.—Buying victuals on their way to the market before they reach it, with the intent to sell again at a higher price. Cowell; Blount; 4 Bla.Com. 158. Every device or practice, by act, conspiracy, words, or news, to enhance the price of victuals or other provisions; Co. 3d Inst. 196; 1 Russ.Cr. 169; 4 Bla.Com. 158. See 13 Viner, Abr. 430; 1 East 132; 3 M. & S. 67." 1 Bouv. Law Dict., Rawle's Third Revision, p. 1279.) Even prior to the passage of the federal anti-trust laws English and American courts ruled that agreements among individuals or corporations which resulted in a restraint of trade were detrimental to the public. (For a full discussion of the development of the law of monopoly and restraint of trade see Standard Oil Co. v. United States, 221 U.S. 1, 51–59, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann.Cas.1912D, 734, opinion by Chief Justice White). The public was afforded some protection from these harmful results through the refusal of the courts to enforce such agreements. Santa Clara Val. Mill and Lumber Co. v. Hayes, 76 Cal. 387, 18 P. 391, 9 Am.St.Rep. 211; Anderson v. Jett, etc., 89 Ky. 375, 12 S.W. 670, 6 L.R.A. 390; India Bagging Association v. B. Kock & Co., 14 La.Ann. 168; Richardson v. Buhl, 77 Mich. 632, 43 N.W. 1102, 6 L.R.A. 457; Arnot v. Pittston & Elmira Coal Co., 68 N.Y. 558, 23 Am.Rep. 190.

A. 517, the court determined that the right given by the statute was for a tort. We are of the opinion that the cause of action given by Section 7 of the Clayton Act fits into that broad field of tort law which protects a man's business from wrongful interference. Restatement, Torts, vols. 3 and 4, Division 9, §§ 708—816. The statute simply makes an addition to this group of recognized torts. Our analysis leads to the conclusion that the allegations of the complaint are that Columbia committed a tort and that Inland was harmed thereby.

At common law one injured by a tort for which there was no customary remedy could resort to an action upon the case, for, as was stated by Blackstone, "This action of *trespass, or transgression, on the case,* is a universal remedy, given for all personal wrongs and injuries without force * * * ."[4] And in Stephen on Pleading, Sec. 17, it is said: "The action of trespass upon the case lies where a party sues for damages for any wrong or cause of complaint to which * * * trespass will not apply."[5] Thus trespass on the case was held the proper action in Bowen v. Hall, 6 Q.B.D. 333, for recovery of damages sustained by the plaintiff by reason of a breach of contract by a third person to manufacture glazed bricks for the plaintiff, the breach having been caused by the defendant. The court said: "That wherever a man does an act which in law and in fact is a wrongful act, and such an act as may, as a natural and probable consequence of it, produce injury to another, and which in the particular case does produce such an injury. an action on the case will lie * * * ."

So also it appears that at common law an action on the case might be brought even though the right to damages was given by statute. It is stated in 1 Chitty on Pleading 148 that "Actions on the case are founded on the common law or upon acts of parliament, and lie generally to recover damages for torts not committed with force, actual or implied."

This principle of the common law was given application by the Superior Court of Delaware as far back as 1840 in the case of Ross v. Horsey, 3 Har. 60, 3 Del. 60, in ruling upon the right to the recovery of double damages and costs allowed by the Delaware act of February 1, 1819 (5 Del.Laws 389), for the preservation of mill property. The relevant portion of the act, which is codified as Sec. 4220 of the Revised Code of Delaware 1935, provides: "* * * and for omitting or neglecting to give such due and reasonable notice, the offender shall, on due proof thereof being made, forfeit and pay double the amount of all damages, with costs of suit, which may be sustained by the owner, possessor or keeper of any such lower mill as aforesaid; to be recovered as debts of a like amount are or may be recoverable by the laws of this State." In spite of this reference to an action for the recovery of debt the court ruled that trespass on the case was the proper form of action for recovery of the double damages and costs allowed by the statute.

Our conclusion that the cause of action sounds in tort and the appropriate form of action is trespass on the case is fully supported by our recent decision in H. J. Jaeger Research Laboratories v. Radio Corporation, 3 Cir., 90 F.2d 826 in which we affirmed a decision of the District Court of New Jersey holding that violations of the antitrust laws are torts for which actions of trespass on the case will lie.

This conclusion, however, does not dispose of the controversy, for as was stated by Justice Story sitting in the Circuit Court in Bullard v. Bell, Fed.Cas. No. 2,-121, 1 Mason 243, "* * * it is not sufficient, * * * for the defendant to establish affirmatively, that an action of assumpsit or case might well lie; but negatively, that an action of debt will not." As we have indicated, the plaintiff has strongly pressed upon us the contention that under the common law of Delaware the remedy of debt upon a specialty would have been available to him. We think,

---

[4] 3 Bl.Com. 122.

[5] For additional common law decisions to the effect that action on the case will lie see Garrett v. Taylor, Cro.Jac. 567 (K.B. 1621); Tarleton v. McGawley, Peakes N.P. 270 (K.B. 1793); Wise v. Western Union Telegraph Co., 6 W.W. Harr. 155, 36 Del. 155, 172 A. 757; Garber v. Whittaker, 6 W.W.Harr. 272, 36 Del. 272, 174 A. 34, 36. "It is difficult to give a general definition of a tort that would be satisfactory in all cases, but it is clear that, generally speaking, any act done, or omitted to be done, contrary to the obligation of the law, is a tort; and the damages suffered thereby may be recovered in an action on the case."

however, that such a remedy is incompatible with the wrong for which redress is sought in the present case. An action of debt at common law would lie only where the sum claimed was certain or could readily be reduced to a certainty by mathematical computation. Young and Ashburnsham's Case, C.P. 1587, 3 Leon. 161. In Bullard v. Bell, supra, Justice Story said: "For the remedy follows the nature of the case, and debt lies only when, by analogy to the rules of the common law, the duty or penalty lies not in unliquidated damages, but is capable of being reduced to a certainty." In 1 Chitty on Pleadings 127, 132, the statement is made: "Debt, however, is not in any case sustainable, unless the demand is for a sum certain, or for a pecuniary demand * * which can readily be reduced to a certainty * * * though debt is sustainable upon a simple contract, a specialty, a record, or a statute, yet it lies only for the recovery of a sum of money in numero, and not where the damages are unliquidated and incapable of being reduced by averment to a certainty;" The Supreme Court in Carrol v. Green, 92 U.S. 509, 513, 23 L.Ed. 738, stated "The action of debt lies on a statute where it is brought for a sum certain, or where the sum is capable of being readily reduced to a certainty. It is not sustainable for unliquidated damages." This common law rule is followed in Delaware. 2 Woolley, Delaware Practice, 993, 994; Ogden-Howard Co. v. Brand, 7 Boyce 482, 30 Del. 482, 108 A. 277, 8 A.L.R. 334.

The present case presents a perfect illustration of damages which are unliquidated and which are determinable at best by approximation and by the exercise of judgment by the trier of the facts. The claim for loss of profits is highly speculative, dependent upon factors of cost of production, labor, transportation, and quantities of gas sold. The plaintiff goes even further and claims that not only should Inland be reimbursed for loss of profits, but should be given damages in an amount equal to its bonds, other debts and dividends, all of which he alleges, would have been paid had Inland made the anticipated profits. The claim need but be stated to make its speculative character obvious.

The unliquidated character of a claim for damages under the antitrust laws was recognized by the Supreme Court in Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 552, 22 S.Ct. 431, 46 L.Ed. 679.

The plaintiff calls our attention to many actions of debt on a specialty in which, he says, the amounts were uncertain. In many of those cases it was possible to ascertain the damages with mathematical exactness even prior to trial[6] whereas in the present case as we have already indicated they can be determined only by the exercise of judgment by the trier of facts. The decisions in others were based upon the provision of the statute which allowed damages that recovery might be had by an action of debt.[7]

The plaintiff contends that the test as to whether debt on a specialty will lie is not whether the amount sought to be recovered is certain, but whether the action is given by the statute or is upon the statute, and offers the English decisions in Cork and Bandon Ry. Co. v. Goode, 13 C.B.D. 826 and Gutsell v. Reeve, 1936, 1 K.B.D. 272, as illustrations. We add to these the more recent case of Pratt v. Cook, Sm. & Co., (St. Paul's) Ld., 1938, 2 K.B.D. 51, which he did not cite. If, in establishing this test, the English courts no longer require certainty as to amount they have clearly departed from the ancient rule of the common law which became and has remained the law of Delaware.

The plaintiff contends since the "civil action" provided for by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has abolished all distinctions in the forms of actions the state statutes of limitations based upon differences in forms of action no longer apply. Exactly the same contention was made in England, after the abolition of forms of action by the Judicature Act of 1873. In Gibbs v. Guild, 1882, 9 Q.B.D. 59, page 67, Brett, L. J., said: "It was said that inasmuch as the names of actions are altered, and there is no longer an action on the case, or an action of

---

[6] United States v. Chamberlin, 219 U. S. 250, 31 S.Ct. 155, 55 L.Ed. 204; Stockwell v. United States, 13 Wall. 531, 20 L.Ed. 491; United States v. Younger, D.C., 92 F. 672; Andrews v. Bacon, C. C., 38 F. 777; United States v. Colt, Fed.Cas.No. 14,839; Cowenhoven v. Board of Chosen Freeholders, 44 N.J.L. 232; Outwater v. City of Passaic, 51 N. J.L. 345, 18 A. 164.

[7] Reed v. Davis, et al., 8 Pick.,Mass., 514; Orne v. Roberts, 51 N.H. 110.

trespass, the Statute of Limitations did no longer apply; but I am of opinion that the Judicature Act, 1873, did not alter or touch the Statute of Limitations at all, and that the statute still applies to the circumstances which constituted the actions named in it, that is to say, that if the circumstances would have constituted an action on the case or an action of trespass, although the action which involves the remedy sought would not now be called an action on the case or an action of trespass, yet, notwithstanding the Statute of Limitations applies to it, if the facts are such as would have supported an action on the case or an action of trespass."

In Kirkman v. Philips' Heirs, 54 Tenn. 222, the limitation period for tort actions was three years, for contract actions six years. The court analyzed the pleadings to determine which cause of action was involved. The court said: "This right is not interfered with by the provisions of the Code abolishing the distinctions in the forms of actions. The statute of limitations applicable to the cause depends upon the nature and character of the action, and not upon its form."

We fully agree with the views expressed by the Circuit Court of Appeals of the Fifth Circuit, in City of El Paso v. West et al., 104 F.2d 96, 97, in which that court disposed of a similar argument with the statement "Even under the new rules, when limitation depends on the State law and that law refers to a form of action as determinative, it will be necessary to ascertain what sort of case the pleader is presenting." We find no evidence in the Federal Rules of Civil Procedure or in the notes thereto of an intent to cover the field of limitations of actions. The state statutes accordingly remain applicable under the Rules of Decision Act, 28 U.S.C. § 725, 28 U.S.C.A. § 725.

 In order to apply a statute of limitations, such as that of Delaware, which reads in terms of common law actions, to a civil action brought in a district court, it is necessary for the court through a consideration of the nature of the cause of action disclosed in the complaint to determine the form of action which would have been brought upon it at common law. It is evident that the complaint in the case before us discloses a cause of action which, under the common law of Delaware, would be enforceable in an action on the case and not in an action of debt on a specialty. The district court, therefore, properly held that the action was barred by the Delaware statute of limitations.

The order of the district court is affirmed.