## SANDERS v. LOUISVILLE & N. R. CO.
## McTEER v. SAME.

No. 9696.

Circuit Court of Appeals, Sixth Circuit.

July 17, 1944.

J. H. Hodges, of Knoxville, Tenn., for appellants.

J. G. Johnson, of Knoxville, Tenn. (James G. Johnson, James W. K. Johnson, James B. Wright, and Williston M. Cox, all of Knoxville, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

These companion cases present substantially identical questions of law and fact and were consolidated for hearing. Each of the appellants was formerly employed as a machinist by the appellee. Sanders was laid off in 1930, and McTeer in 1931, in a force reduction. Each was subsequently deprived of seniority rights accruing under the contract between the appellee and the Association of Maintenance of Equipment Employees of the Louisville & Nashville Railroad Company, Mechanical Department, upon which each appellant bases his cause of action. The contract covering the period in question was effective July 1, 1929, and contained the following provision:

"(4) When employes, laid off by reason of a force reduction, desire to retain their seniority rights they must keep on file with the Master Mechanic, or the Assistant Master Mechanic, or General Foreman (if there is no Master Mechanic) their address and renew same at least each sixty (60) days. Failure to file or renew the address each sixty (60) days or to report for duty within ten days after notice shall have been mailed to the last recorded address, will automatically sever their relations with the Company. Effective January 1, 1930, and each period thereafter, all employes who have been laid off in force reductions and have not, within two years, performed any service for the Company in the Me-

486

chanical Department will lose their seniority and be dropped from the roster."

Each appellant in his petition prayed for a declaratory judgment reestablishing his seniority rights under the contract and for a money judgment for earnings claimed to have been lost.

The District Court heard the case without the intervention of a jury, and dismissed the petition in each case on the ground that the appellant had not made out a case for recovery.

■ Appellant Sanders admits that he did not file his address as required by the section of the contract quoted above. McTeer kept up the filing of his address with the master mechanic until 1933. He filed his address on January 9th of that year and filed a renewal on March 25th, thus failing to renew within the sixty-day period. He claims to have left a renewal of his address at the office of the master mechanic on February 9, 1933, but this is denied by the master mechanic and his chief clerk, and the president of the union filed a report in which he found that McTeer had failed to file his renewal in time.

The evidence shows that seniority rights are matters of concern to all men listed on the seniority roster; that the roster was published periodically in order that those who were entitled to places thereon should be able to check the relative positions on the list for the purpose of preserving their rights of seniority. Also it was the practice periodically to publish a list of former employees dropped from the seniority roster on account of their failure to comply with the rule as to maintenance of an address. Sanders and McTeer do not deny this, but they each contend that the master mechanic at all times had personal knowledge where each of them lived, and that the filing of the address was therefore unnecessary because the company, through its master mechanic, had the notice which was required by the rule to be given. If this case dealt only with the rights of Sanders and McTeer, this argument might have some weight; but the rights of all those listed on the seniority roster are involved. In order to eliminate mistake, controversy, and possible discrimination of favoritism, a written notice of this kind was required by the contract, and the District Court was correct in finding that the failure to file the address was fatal to the maintenance of the action.

We think that the judgment is correct upon another ground, which was not discussed by the District Court. Sanders was dropped from the seniority roster on January 1, 1932. He filed his petition September 25, 1939, some seven years after his right of action accrued. McTeer was dropped from the seniority roster March 22, 1933. His petition also was filed September 25, 1939, six and a half years after his right of action accrued. Both appellants base their claim upon the contract above quoted, and as to actions based on such a contract, the period of limitation provided by the statutes of Tennessee is six years. Section 8600, Tennessee Code.

■ While actions for declaratory judgment are sui generis and the procedural remedy is neither legal nor equitable (Great Northern Life Ins. Co. v. Vince, 6 Cir., 118 F.2d 232, certiorari denied 314 U.S. 637, 62 S.Ct. 71, 86 L.Ed. 511), the issues tendered by the pleadings may be legal or equitable. Hargrove v. American Central Ins. Co., 10 Cir., 125 F.2d 225. Here the petition, while meagerly drawn, asked for equitable relief by way of discovery. If the claimed right to seniority is established, appellants would be entitled to apply to the court for a mandatory injunction requiring appellee to replace their names on the seniority roster. The prayer for money judgment in each petition presents an issue purely legal. Considered from the equitable side, the federal courts generally enforce the statutes of limitation of the state where the action is brought. Godden v. Kimmell, 99 U.S. 201, 25 L.Ed. 431; Pond Creek Coal Co. v. Hatfield, 6 Cir., 239 F. 622, 629; United States Fidelity & Guaranty Co. v. Union Bank & Trust Co., 6 Cir., 228 F. 448, 452; Kentucky Coal & Timber Development Co. v. Kentucky Union Co., 6 Cir., 187 F. 945, 948. The same is true as to actions at law and statutory actions. Pufahl v. Estate of Parks, 219 U.S. 217, 225, 57 S.Ct. 151, 81 L.Ed. 133; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; McDonald v. Thompson, 184 U.S. 71, 72, 22 S.Ct. 297, 46 L.Ed. 437; Williamson v. Columbia Gas & Electric Corp., 3 Cir., 110 F.2d 15, 16.

■ While we have found no decision applying this rule in declaratory judgment cases, we think sound reason for the

application exists, and hold that these actions are barred by the Tennessee statute of limitations.

The judgment is affirmed.