**CLEMENTE CINTRON, et al., Plaintiffs**

v.

**EULOJIO BERMUDEZ, et al., Defendants**

Civil No. 10-1968

District Court of the Virgin Islands

Div. of St. Croix

July 26, 1968

GORDON, *District Judge*

### MEMORANDUM OPINION

This action pursuant to 5 VIC § 76 was filed January 31, 1968, seeking recovery for a death which occurred on January 1, 1962. Defendant has moved to dismiss the complaint asserting that the cause of action is barred by the two year statute of limitations, 5 VIC § 31(5)(A), which provides that all actions for ". . . libel, slander, assault, battery, seduction, false imprisonment, or for any other injury to the person or rights of another not arising on contract and not herein especially enumerated. . ." shall be commenced within two years after the cause of action accrues. Plaintiff contends that the six year limitation period, 5 VIC § 31(3)(B), governs, as an action for

wrongful death, being a statutory—as opposed to common law—remedy, falls within the class of a "... liability created by statute."

■ Unlike the majority of the adaptations of the Lord Campbell's act in the various states, the wrongful death provisions of the Virgin Islands Code, 5 VIC § 76, contain no limitation period, nor does the limitation statute, 5 VIC § 31, make any reference to this kind of case. The Court is therefore called upon to decide an issue not heretofore presented and upon which there is little legislative direction.

■ The revision notes in the Code indicate that our law is based upon sections 376 and 377 of the Code of Civil Procedure of California, and on section 956 of the Civil Code of that state. None of these sections provide a limitation period for wrongful death actions, however the general limitation statute in California, Section 340 of the California Code of Civil Procedure, enacted originally in 1905, limits the time in which actions for death may be brought to one year, which is the limitation period for personal injury actions generally in that jurisdiction.

■ The Virgin Islands statute of limitations was originally derived from the laws of the territory of Alaska, James v. Henry, 3 V.I. 273, 157 F.Supp. 226 (DCVI 1957). The failure of our statute to speak to death actions is attributable to a similar failing in the Alaska statute, however at the time of our adaptation of the Alaska statute, the Alaska wrongful death provisions in themselves prescribed a limitation period of two years. Alaska Comp. Laws, Sec. 61-7-3 (1949).

Thus, while not directly controlling, in the sense of Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3rd Cir. 1963), it is persuasive that the two jurisdictions from which the Virgin Islands has adapted its limitation and

death statutes, provide that death actions be brought within the same period as other personal injury actions.

In the Virgin Islands, personal injury actions must be brought within two years. 5 VIC § 31(5)(A). The principles of law and the damages in wrongful death actions are so akin to other negligence cases that, although the legislature has not spoken directly, it is reasonable to infer that it would include wrongful death actions in the class to be brought within the period applicable to personal injury cases, as is the case in Alaska and California, and elsewhere. 22 Am. Jur. 2d Death Sec. 36, Speiser, Recovery for Wrongful Death sec. 11, 13.

There is authority for the proposition that the failure of the statute to specify a limitation period for a particular action places the action in the general limitation period, Homiewicz v. Orlowski, 34 Del. 66, 143 A. 250 (1928). In the Virgin Islands, this period would be ten years, 5 VIC § 31(2)(A), or perhaps 2 years, depending upon how one read "... any injury to the person or rights of another ..." in the two year provision, 5 VIC § 31(5)(A).

On balance, however, the Court must reject the construction urged by plaintiff that the six year limitation statute, governs as well the proposition that the general limitation period, ten years, applies; as Professors Harper and James have pointed out:

". . . [death actions] present no problems of reparation or of the perpetuation of evidence, or of the need for repose, which set them apart from other accident cases. . . . Wherever the question is an open one so far as statutory construction is concerned, it is submitted that the limitation period for death actions should be treated just as are general statutes of limitation for personal injury . . . actions." Harper & James, Torts, sec. 24.7

The Court, in light of the background of the Virgin Islands Statutes, and the experience of other jurisdictions, believes that in determining the appropriate limitation period a

similar treatment is desirable, and therefore will dismiss plaintiff's complaint as not being brought within the two year limitation period, 5 VIC § 31 (5) (A).